Charles Anthony SMITH, Appellant,

v.

**WISE COUNTY BAIL BOND BOARD, Appellee.**

No. 2–98–315–CV.

Court of Appeals of Texas, Fort Worth.

June 24, 1999.

Richard Alley, Fort Worth, for Appellant.

Fanning, Harper, & Martinson and Thomas P. Brandt, Dallas, for Appellee.

Panel B: DAY, RICHARDS, and BRIGHAM, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

### Introduction

Appellant Charles Anthony Smith appeals the summary judgment granted in favor of appellee, Wise County Bail Bond Board (the Board). We are asked to interpret whether Section 3(c) of the Bail Bond Act precludes a person convicted of a felony in 1974 from acquiring a bail bond license and whether the felony must be an offense involving moral turpitude. We will affirm the judgment of the trial court.

### Background Information

Appellant was convicted of felony theft in 1974 and felony DWI in 1992. In July 1997, appellant applied for a bail bonds license with the Wise County Bail Bond Board. On August 28, 1997, the Board denied appellant's application for a bail bonds license based on his previous criminal history. Appellant appealed the Board's decision to district court. The district court granted the Board's motion for summary judgment on July 8, 1998.

Appellant appeals the district court's decision.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.,* 391 S.W.2d at 47.

When reviewing a summary judgment granted on general grounds, we consider whether any theories set forth in the motion will support the summary judgment. *See Harwell,* 896 S.W.2d at 173.

## Statutory Interpretation

■ Appellant contends the trial court erred in granting the Board's motion for summary judgment because his 1974 felony theft conviction was prior to the amendment of the Bail Bond Act in dispute and because his 1992 felony DWI conviction is not a felony of moral turpitude. Therefore, he argues, neither of his prior convictions should preclude him from obtaining his license to be a bondsman in Wise County. We disagree.

The Bail Bond Act provides:

No person shall be eligible for a license under this Act, who after the effective date of this Act, commits an offense for which he is finally convicted, such offense being a felony or misdemeanor involving moral turpitude.

TEX.REV.CIV. STAT. ANN. art. 2372p–3, § 3(c) (Vernon Supp.1999). The Bail Bond Act was enacted in 1973. *See* Act of May 18, 1973, 63rd Leg., R.S., ch. 550, 1973 Tex. Gen. Laws 1520, 1520–27. Appellant argues that because the Act was amended in 1981 to contain the above language, the provision does not apply to his 1974 felony theft conviction. *See* Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 3(c), 1981 Tex. Gen. Laws 875, 876.

We presume a statute is prospective in its operation unless expressly made retrospective. *See* TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998). The plain language of section 3(c) of the Act refers to the effective date of the Act. Because the legislature expressly made the provision retrospective, appellant's 1974 conviction may be considered by the Board in its determination of whether appellant should be a licensed bondsman.[1]

■ Appellant further argues that because he was placed on probation for his theft conviction and that probation was never revoked, this conviction cannot be used in determining whether he should be

---

1. During oral argument, appellant asserted the statute is unconstitutional. However, because appellant did not raise the constitutionality of the statute prior to oral argument, this argument is waived. *See* TEX.R.APP. P. 33.1; *Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex. 1993); *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986).

eligible for a bondsman license. However, the statute does not differentiate between the type of sentence imposed on an individual seeking a license. Therefore, under the statute, the punishment received is immaterial for licensing purposes. *See Dallas County Bail Bond Bd. v. Stein,* 771 S.W.2d 577, 581–82 (Tex.App.—Dallas 1989, writ denied). We hold the trial court did not err in granting the Board's motion for summary judgment based on appellant's 1974 felony theft conviction.

■ Moreover, in 1992 appellant was convicted of felony driving while intoxicated. The Act provides that anyone who commits "a felony or misdemeanor involving moral turpitude" after the effective date of the Act shall not be eligible for a license. Appellant argues the phrase "involving moral turpitude" modifies both "felony" and "misdemeanor." Appellant asserts that DWI is not a crime of moral turpitude so it cannot be considered in the Board's determination of whether he should be granted a bondsman license.

■ When interpreting a statute, we begin with the words of the statute itself. *See In re Bay Area Citizens Against Lawsuit Abuse,* 982 S.W.2d 371, 380 (Tex. 1998); *Smith v. Clary Corp.,* 917 S.W.2d 796, 799 (Tex.1996). In determining legislative intent, we must look to the entire statute, not just to any one phrase, clause, or sentence of that statute. *See Barr v. Bernhard,* 562 S.W.2d 844, 849 (Tex.1978). Further, one provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of such a construction if standing alone. *See id.* We must construe a statutory provision in the context of the entire statute of which it is a part. *See Bridgestone/Firestone, Inc. v. Glyn–Jones,* 878 S.W.2d 132, 133 (Tex.1994); *Martin v. Department of Pub. Safety,* 964 S.W.2d 772, 774 (Tex.App.—Austin 1998, no pet.).

We find section 9 of the Act particularly instructive in our interpretation. Under section 9, the Board may suspend or revoke a bondsman's license for a number of reasons including:

(3) final conviction under the laws of this or any other state or of the United States of a misdemeanor involving moral turpitude or of a felony committed after the effective date of this Act;

Tex.Rev.Civ. Stat. Ann. art. 2372p–3, § 9(b)(3) (Vernon Supp.1999). By the language used in section 9, we hold the legislature intended "involving moral turpitude" in section 3 to modify "misdemeanor" and not "felony." Therefore, the Board properly considered appellant's 1992 felony DWI conviction in its determination of whether appellant should be a licensed bondsman under the statute. We hold the trial court did not err in granting the Board's motion for summary judgment based on appellant's 1992 felony DWI conviction.

■ Appellant argues that Article 6252–13c of the Texas Revised Civil Statutes is in direct conflict with the Bail Bond Act and because it is the more specific of the two, it should govern. *See* Tex.Rev.Civ. Stat. Ann. art. 6252–13(c), § 4 (Vernon Supp.1999). The two statutes do not conflict. Article 6252–13c concerns eligibility of persons with criminal backgrounds for licensing and details what licensing authorities should consider when determining to revoke, suspend, deny, or disqualify a person from licensure based on his or her criminal history. Moreover, this article governs any type of license with a few minor exceptions. *See* Tex.Rev.Civ. Stat. Ann. art. 6252–13c, § 2. Whereas, the Bail Bond Act sets forth the requirements to specifically become a licensed bail bondsman. *See* Tex.Rev.Civ. Stat. Ann. art. 2372p–3, § 3. The Board was not required to comply with Article 6252–13c, § 4(b). We overrule appellant's point on appeal.

### Conclusion

Having overruled appellant's point on appeal, we affirm the judgment of the trial court.