Charles Anthony SMITH, a/k/a
Tony Smith, Appellant,

v.

**TARRANT COUNTY BAIL BOND
BOARD, Appellee.**

No. 2–99–108–CV.

Court of Appeals of Texas,
Fort Worth.

July 29, 1999.

Alley, Goza, Mullen & Minick, Richard
Alley, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, David K. Hudson, Assistant District Attorney, Fort Worth, for Appellee.

Panel B: LIVINGSTON, BRIGHAM, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

The district court has reviewed by trial de novo Appellee Tarrant County Bail Bond Board's refusal to grant Appellant Charles Anthony Smith, also known as Tony Smith, a license that would have let him be the agent for a bail bondsman the board has licensed in Tarrant County. The trial court certified the parties' agreed statement of facts,[1] then concluded that Appellee had properly denied the agent's license. Upon the agreed statement of facts, the trial court entered judgment for Appellee. On appeal, Appellant complains that the judgment is not supported by legally or factually sufficient evidence and therefore is an abuse of the trial court's discretion. Finding no reversible error, we affirm the trial court's judgment.

## THE ISSUE

The issue is whether the Bail Bond Act exclusively governs the licensing of agents for bail bondsmen, *see* Tex.Rev.Civ. Stat. Ann. art. 2372p–3 (Vernon Supp.1999), or whether general occupational licensing statutes also apply. *See id.* arts. 6252–13c & 6252–13d.

## BACKGROUND

In the public interest, the legislature enacted a statute that governs the business of making bail bonds and the licensing and regulation of persons who engage in that business. *See id.* art. 2372p–3, § 1. Appellee is the bail bond board for Tarrant County, created in accord with that statute. *See id.* § 5(a). A bail bondsman is a person who for hire or for any compensation deposits cash, bonds, or other securities, or executes as a surety or co-surety any bail bond that is intended as security

to guarantee that a person accused of a criminal offense will appear for trial. *See id.* §§ 1 & 2(2). No person may lawfully act as a bail bondsman in a Tarrant County court unless Appellee licenses the person for that purpose. *See id.* § 6(a). As a matter of law, Appellee is empowered to supervise and regulate all phases of the bail bonding business and enforce the statute within Tarrant County. *See id.* § 5(f)(1).

The parties' agreed facts (fact. no. 2) confirm that Appellant submitted an application asking Appellee to license him as the *bail bond agent* in Tarrant County for Eldon Williams, a licensed Tarrant County bail bondsman. An application for an *agent's* license is consistent with the legislature's expressed intent that county bail bond boards have the power to license persons like Appellant who want to be the *agent* for a licensed bail bondsman. *See id.* §§ 5(f)(7) (referring to the bondsmen and their agents *licensed and approved* in the county) & 7(d) (referring to agents *licensed or approved hereunder* ). For the purposes of the Bail Bond Act, and notwithstanding any statutory requirements to the contrary, a bail bondsman's agent *licensed under that Act* is not required to be licensed as a "local recording agent,"defined in article 21.14 of the Texas Insurance Code. *See id.* § 7(d).

To strengthen its authority to regulate all phases of the bail bond business within the county, Appellee is statutorily empowered to prescribe any rules necessary to implement the statute. *See id.* § 5(f)(1). One rule Appellee adopted before Appellant applied for and was denied a Class B agent's license is Part "C" of Appellee's Local Rule 20:

The Bail Bond Board will not license as either a Class A or Class B agent any person who, after August 27, 1973, commits or has committed an offense being a felony, or a misdemeanor involving moral turpitude if such offense has re-

1. *See* Tex.R. Civ. P. 263.

sulted in a final conviction or for which filed charges are currently pending. This rule shall not apply if a period of more than ten years has elapsed between the date of the filing of the application for license and the date of:

> (1) the conviction,
>
> (2) the release from the confinement imposed for that conviction,
>
> (3) the satisfactory completion of probation or parole for that conviction, or
>
> (4) the pardon, annulment or other equivalent procedure for that conviction, whichever is the later date.

Agreed facts 4, 7, and 8 confirm that Appellee evaluated and denied Appellant's license application by relying upon the provisions of Part C of Local Rule 20 and upon the wording of section 3(c) of article 2372p–3:

> No person shall be eligible for a license under this Act, who after the effective date of this Act, commits an offense for which he is finally convicted, such offense being a felony or misdemeanor involving moral turpitude.

*Id.* § 3(c). Although he did not raise a constitutional issue in the trial court, Appellant asserts in his brief that Appellee unconstitutionally frustrated his right to due process by using section 3(c)'s words as a ground for denying his applications. That issue is waived. *See* Tex.R.App. P. 33.1; *Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993); *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986). Appellant admits that before applying for the bail bondsman's agent's license, he was convicted of felony theft in 1974 and of felony driving while intoxicated in 1994.

### THE CONFLICT

■ The dispute in this case arose after Appellant applied three times to Appellee in 1997 for a Class B license to serve as agent for a licensed bail bondsman in Tarrant County. Appellee denied each application. Appellant contends that Appellee's denials were arbitrary and capricious because Appellee did not evaluate his applications under the evidentiary standards of articles 6252–13c and 6252–13d. If applicable to the licensing procedure here, those two statutes could preclude an application's denial in the absence of evidence that the applicant's prior convictions directly related to the occupation of bail bondsman or bondsman's agent. *See* Tex. Rev.Civ. Stat. Ann. arts. 6252–13c, § 4(a) & 6252–13d, § 4(a).

Appellee maintains that because Appellant's record contains two prior felony convictions, section 3(c) automatically renders him ineligible for a license. The two statutes Appellant relies on govern occupational licensing in general, and the legislature expressly made the two inapplicable to certain occupations that have separate licensing statutes, such as attorneys and peace officers, *see id.* art. 6252–13c, § 2, or persons licensed by the Texas State Board of Medical Examiners, State Board of Pharmacy, State Board of Dental Examiners, or The Veterinary Licensing Act. *See id.* art. 6252–13d, § 5.

### GENERAL OCCUPATIONAL LICENSING

Articles 6252–13c and 6252–13d are among only three articles that have survived the legislature's repeal of numerous articles once marshaled under the title "Public Offices, Officers and Employees." *See* Tex.Rev.Civ. Stat. Ann. arts. 6252–13c, 6252–13d, & 6252–16d. By statutory reference, the legislature has made definitions contained in the Administrative Procedure Act a part of the two articles. *See id.* arts. 6252–13c, § 1 & 6252–13d, § 1; Tex. Gov't.Code Ann. § 2001.003 (Vernon 1999).

> "State agency" means a state officer, board, commission, or department with statewide jurisdiction that makes rules or determines contested cases....

Tex. Gov't.Code Ann. § 2001.003(7). Also:

> "License" includes the whole or a part of a state agency permit, certificate, ap-

proval, registration, or similar form of permission required by law.

*Id.* § 2001.003(2). And:

"Licensing" includes a state agency process relating to the granting, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license.

*Id.* § 2001.003(3). Thus, articles 6252–13c and 6252–13d allow state agencies that have statewide jurisdiction and engage in general occupational licensing to deny a license if presented with evidence that the applicants have already been convicted of crimes that directly relate to the duties and responsibilities of the occupation for which they seek a statewide license. *See* Tex.Rev.Civ. Stat. Ann. arts. 6252–13c, § 4(a)-(b), & 6252–13d, §§ 2 & 4(a).

 Although article 6252–13d, section 4(b) generally instructs "local and county licensing authorities" to post or publish their own guidelines, it does not identify such licensing authorities by name or a more specific description. Accordingly, section 4(b)'s posting and publishing provisions must yield to the specific provisions of article 2372p–3, sections 5(e) and (f)(1) that confer on county bail bond boards the statutory power to make their own rules and a statutory duty to post them. In construing conflicting provisions of two civil statutes, it has long been accepted that the specific controls over the general. *See Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 496, 198 S.W.2d 879, 881 (1947).

Articles 6252–13c and 6252–13d do not mention county bail bond boards or persons who apply for a license within a single county to serve there as a bail bondsman or a bondsman's agent. The legislature separately targeted those boards and persons, making them the subject of article 2372p–3, specifically designed to govern the procedure for licensing and regulating bail bondsmen and their agents. A county bail bond board derives its power from article 2372p–3. Although the language of section 4(a) of that article recognizes that a bail bondsman may be licensed separately

in more than one county, section 5(f)(1) only empowers a board to enforce the Bail Bond Act *within the county* where the board has issued the license. Section 6(a) specifies that the license granted by a bail bond board enables the licensee to act as a bondsman or agent in any court within that *county*, not elsewhere. It is clear that in regard to occupational licensing, articles 6252–13c and 6252–13d are general statutes, contrasted with article 2372p–3 that specifically regulates the business and licensing of bail bondsmen and their agents.

Beyond those considerations, another factor helps us determine whether the facts of this case entitled Appellee to lawfully rely upon the language of section 3(c) of article 2372p–3 as a ground for denying Appellant a license without applying the evidentiary standards of articles 6252–13c and 6252–13d. The amendment of section 3(c) and the enactment of articles 6252–13c and 6252–13d occurred at the same session of the legislature in 1981, but section 3(c)'s amendment was enacted later than the two articles were. *See* Act of May 29, 1981, 67th Leg., ch. 312, § 1, 1981 Tex. Gen. Laws 875 (enacting sec. 3(c) of art. 2372p–3) & Act of May 19, 1981, 67th Leg., ch. 267, § 1, 1981 Tex. Gen. Laws 694 (enacting arts. 6252–13c and 6252–13d). May 19, 1981 is the date of the last vote on articles 6252–13c and 6252–13d, but the last vote on section 3(c) of article 2372p–3 did not occur until May 29, 1981. We must presume that the legislature enacted the amendment of section 3(c) while knowing that articles 6252–13c and 6252–13d had already been enacted and intending that they be harmonized. *See Acker v. Texas Water Commission*, 790 S.W.2d 299, 301 (Tex.1990).

 We conclude that the licensing procedure for bail bondsmen and their agents is exclusively governed by the provisions of article 2372p–3, and that the two general occupational licensing statutes do not apply to that procedure. *See also Charles Anthony Smith v. Wise County Bail Bond*

*Board,* 995 S.W.2d 881, 883 (Tex.App.— Fort Worth 1999, no pet. h.).

## APPELLANT'S PRIOR CONVICTIONS

Appellant insists that because the 1981 amendment of section 3(c) of article 2372p–3 was enacted after his 1974 felony theft conviction, section 3(c)'s wording does not make him ineligible for the agent's license. We disagree with his premise because the legislature expressly worded section 3(c) to make its scope retrospective to the 1973 date on which article 2372p–3 was first enacted. *See id.,* at 883. Appellant also argues that his conviction of felony driving while intoxicated is not a crime of moral turpitude and therefore Appellee could not lawfully consider that conviction as a reason for denying him an agent's license. Appellant misconstrues section 3(c). Its license-disqualifying reference to moral turpitude is only in the context of prior misdemeanor convictions. As to prior felony convictions, section 3(c)'s wording simply renders ineligible for licensing any person who has been convicted of a felony, whether the felony involved moral turpitude or not. *See id.,* at 883–884.

## CONCLUSION

The evidence in this case consists of the agreed statement of eight facts. We have considered each of those facts, as did the trial court. Because there is more than a scintilla of evidence to support the trial court's judgment, the evidence is legally sufficient. *See Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998). The evidence is factually sufficient because, upon the agreed facts, the trial court's judgment is not manifestly unjust or against the great weight and preponderance of the evidence, and it does not shock the conscience or demonstrate bias. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986) (op. on reh'g). The trial court did not abuse its discretion by entering judgment for Appellee. For the reasons we have already discussed, we overrule each of Appellant's points on appeal and affirm the trial court's judgment.