Wichita Falls State Hospital v. Taylor, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-377-CV

     WICHITA FALLS STATE HOSPITAL,
                                                                         Appellant
     v.

     DEBORAH D. TAYLOR, INDIVIDUALLY
     AND AS HEIR OF THE ESTATE
     OF TERRY LYNN TAYLOR, DECEASED,
                                                                         Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-283-98
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      This case is about whether the State Legislature clearly and unambiguously waived sovereign
immunity from being sued for violations of a “patient’s bill of rights.”


 We are not to determine
what is good public policy or bad public policy. We are not to fix or repair what the Legislature
wrote.
      But this is not statutory construction in the traditional sense. We do not necessarily have to
resolve a question of statutory construction. In fact, if we find a need to construe or interpret the
statute, our job is complete; there is no clear and unambiguous waiver of the State’s immunity
from suit.
      Two cases have directly evaluated the issue. In one sense, they are of little help to resolving
the issue. In one case, three justices held it was not a clear and unambiguous waiver. See Texas
Dep’t of Mental Health & Mental Retardation v. Lee, 38 S.W.3d 862 (Tex. App.—Fort Worth
2001, pet. filed) (op. on reh’g). In the other, two justices held it was a clear and unambiguous
waiver and one justice concurred only in the result. See Central Counties Ctr. For Mental Health
& Mental Retardation Servs. v. Rodriguez, No. 03-00-369-CV (Tex. App.—Austin Mar. 29,
2001, no pet. h.). When you add in the results of this court, four courts of appeals justices have
concluded there is a clear and unambiguous waiver and four justices have concluded it is not a
clear and unambiguous waiver.
      My analysis is not nearly so complex as those articulated by my learned colleagues. I start
with what the Texas Supreme Court has told me: a waiver of sovereign immunity must be by clear
and unambiguous language. Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980). I add to this the
principle that we must examine the entire statute and all its parts to determine the purpose of the
statute. See Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 133 (Tex. 1994); Smith
v. Wise County Bail Bond Bd., 995 S.W.2d 881, 884 (Tex. App.—Fort Worth 1999, pet. denied).
      Next, I add to the mix the logic that when a defined term is used, we should be able to
substitute the definition into the text of the statute and the applicability of the statute should be
consistent, meaningful, and logical.
      In this case, I begin with what appears to be a simply worded provision: “A person who has
been harmed by a violation may sue for injunctive relief, damages, or both.” Tex. Health &
Safety Code Ann. § 321.003(b) (Vernon Pamp. 2001). Now, we know this is not a clear and
unambiguous waiver in itself because the Legislature frequently creates or codifies causes of action
in broad language like this but does not waive the State’s immunity. Eg. Tex. Bus. & Com. Code
Ann. §§ 17.41-17.63 (Vernon 1987 & Pamp. 2001) (the Deceptive Trade Practices-Consumer
Protection Act). Taylor tells us that to determine who can be sued under this statute we must look
to another section; one she contends is a waiver of the State’s immunity from liability. The section
states:
A treatment facility or mental health facility that violates a provision of, or a rule
adopted under, this chapter, . . . is liable to a person receiving care or treatment in or
from the facility who is harmed as a result of the violation.
Tex. Health & Safety Code Ann. § 321.003(a) (Vernon Pamp. 2001).
      For purposes of this opinion, we will skip the issues of whether this liability is to anyone other
than the patient and whether it creates liability for events occurring after discharge. But a straight
forward reading of this section certainly adds nothing to the question of whether the Legislature
clearly and unambiguously waived the State’s immunity from suit.
      Now Taylor asks us to look to the definition section for the definitions of “treatment facility”
and “mental health facility.” When we turn to that section, we find the following:
      (4) “Mental health facility” has the meaning assigned by Section 571.003.

      (6) “Treatment facility” has the meaning assigned by Section 464.001.

Tex. Health & Safety Code Ann. § 321.001(4) and (6) (Vernon Pamp. 2001).
      So within this chapter we still have no indication that the Legislature has clearly and
unambiguously waived the State’s immunity from suit. But Taylor wants us to go to these
referenced sections which were statutes enacted prior to Chapter 321 of the Health and Safety
Code; so we will.
      The majority turns only to the section referenced for the definition of “Mental health facility.”
      (12) “Mental health facility” means:
(A) an impatient or outpatient mental health facility operated by the department,
a federal agency, a political subdivision, or any person;

            (B) a community center or a facility operated by a community center; or
 
(C) that identifiable part of a general hospital in which diagnoses, treatment,
and care for persons with mental illness is provided.
Tex. Health & Safety Code Ann. § 571.003(12) (Vernon Supp. 2001).
      Taylor and both courts which have previously construed the statute stop their analysis with
this definition. Taylor, the Austin Court of Appeals, and the majority take the position that this
is the definition which clearly and unambiguously waives the State’s immunity from being sued.
      If the effect of this definition is that its purpose was to make the State subject to suit and
liable, the same analysis must apply equally to each entity referenced within that definition. But
we know that cannot be the effect of this definition–why?–because this definition defines “mental
health facility” to include both inpatient and outpatient mental health facilities. The patient’s-bill-of-rights appears to apply only to inpatient facilities. The three agencies charged with each
adopting a patient’s-bill-of-rights, which is not a defined term, are to include the provisions the
agency considers
“ . . . necessary to protect the health, safety, and rights of a patient receiving a voluntary
or involuntary mental health, chemical dependency, or comprehensive medical
rehabilitation services in an inpatient facility.”
Tex. Health & Safety Code Ann. § 321.002(a) (Vernon Pamp. 2001). (Emphasis added).
      If we use the method of construing Texas Health and Safety Code Section 321.002 that Taylor
uses to create the cause of action and waive the State’s immunity from suit, outpatient mental
health facilities would be liable for violations of the patient’s-bill-of-rights. This is contrary to
Texas Health and Safety Code Section 321.002(9) quoted above.
      Additionally, if the application of the patient’s bill of rights to outpatient facilities and their
liability could be resolved under Texas Health and Safety Code Section 321.003, there is still the
problem of including facilities operated by a federal agency within the list of entities who can be
sued and that are liable. One thing that is clear, the Texas Legislature cannot waive the federal
government’s immunity. Again, if we are going to be consistent in construction of this statute,
and if we use Taylor’s theory of statutory construction, that is exactly what the Legislature has
done – waived the federal government’s immunity.
      Finally, the definition of “Mental health facility” either violates one of the fundamental
tenants of defining a term - you cannot use the term you are defining - or it is a very poor way to
reference the definition of “inpatient mental health facility” which is separately defined. Again,
the definition Taylor relies on and refers us to is:
“Mental health facility” means:
 
(A) an inpatient or outpatient mental health facility operated by the department, a federal
agency, a political subdivision, or any person; . . .
Tex. Health and Safety Code § 571.003(12)(A) (Vernon Supp. 2001). (Emphasis added).
      If the last portion of this subsection is actually a definition of what constitutes inpatient or
outpatient mental health facility, then why have a separate definition of “inpatient mental health
facility?”
(9) “Inpatient mental health facility” means a mental health facility that can provide 24-hour residential and psychiatric services and that is:
 
            (A) a facility operated by the department;
 
            (B) a private mental hospital licensed by the Texas Department of Health;
 
            (C) a community center;
 
            (D) a facility operated by a community center or other entity the department
designates to provide mental health services;
 
            (E) an identifiable part of a general hospital in which diagnosis, treatment, and
care for persons with mental illness is provided and that is licensed by the Texas
Department of Health; or
 
            (F) a hospital operated by a federal agency.

Tex. Health and Safety Code § 571.003(9) (Vernon Supp. 2001).
      This definition would be redundant of subsection (12) to some extent – a facility operated by
the department and a hospital operated by a federal agency – but not redundant as to other parts
of the definition – a political subdivision, or any person.
      If all this seems confusing or less than clear, hold that thought.
      Now we turn our attention to the definition of treatment facility in Section 321.001(6) by
reference to Texas Health and Safety Code Section 464.001.
      In the referenced section:
(5) “Treatment facility” means:
            (A) a public or private hospital; 
            (B) a detoxification facility;
            (C) a primary care facility;
            (D) an intensive care facility;
            (E) a long-term care facility;
            (F) an outpatient care facility;
            (G) a community mental health center;
            (H) a health maintenance organization;
            (I) a recovery center;
            (J) a halfway house;
            (K) an ambulatory care facility; or
            (L) any other facility that offers or purports to offer treatment.
Tex. Health & Safety Code Ann. 464.001(5) (Vernon 1992).
      This section does not suffer from the internal vagueness that Texas Health and Safety Code
Section 571.003 does regarding inpatient or outpatient mental health facility. It does, however,
suffer from the same confusion of a conflict by the referenced definition expressly including
outpatient care facility when the patient’s bill of rights does not appear to apply to outpatient
facilities. Cf. Tex. Health & Safety Code Ann. §§ 321.002(9) and 464.001(5)(F) (Vernon
Pamp. 2001 & Vernon 1992). Likewise, some of the other facilities mentioned in this later section
could also be outpatient facilities.
      Again, if this too seems confusing or less than clear, hold that thought.
      This brings us back to where we started. We must only decide whether there was a clear and
unambiguous waiver of the State’s sovereign immunity from suit by the Legislature. We need not
decide what the statute means. If it is not a clear and unambiguous waiver, we simply say so.
      It is not a clear and unambiguous waiver. If the statutes are confusing or if the statutes seem
less than clear, then we have come to the only decision that is necessary to determine this case;
there is not a clear and unambiguous waiver of immunity from suit. Because the majority
concludes otherwise, I respectfully dissent.

                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed May 16, 2001
Publish