Office of the Attorney General · State of Texas

July 9, 2002

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center, 401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. JC-0528

Re: Whether section 1704.252(9) of the Occupations Code applies to the collection by a bail bondsman from a bail bond client of a legal fee for an attorney and remittal of that fee to the attorney (RQ-0502-JC)

Dear Mr. Curry:

Section 1704.252 of the Occupations Code authorizes a county bail bond board to revoke or suspend a bail bond surety license if the license holder "pays commissions or fees to . . . a person or business entity not licensed under" chapter 1704. You ask whether section 1704.252 applies to the collection by a bail bondsman from a person for whom the bondsman executes a bail bond of a legal fee for an attorney and remittal of that fee to the attorney.[1] We conclude that section 1704.252 is sufficiently broad to cover the collection and remittal of such fee and, thus, prohibits the collection by a bail bondsman from a bail bond client of a legal fee for an attorney and remittal of that fee to the attorney.

Chapter 1704 of the Occupations Code regulates bail bond sureties. See TEX. OCC. CODE ANN. §§ 1704.001-.306 (Vernon 2002). A "bail bond" is "a cash deposit, or similar deposit or written undertaking, or a bond or other security, given to guarantee the appearance of a defendant in a criminal case." Id. § 1704.001(1). A "bail bond surety," in turn, is a person who "executes a bail bond as a surety or cosurety" or "for compensation deposits cash to ensure the appearance in court of a person accused of a crime." Id. § 1704.001(2). "In the public interest, the legislature enacted a statute that governs the business of making bail bonds and the licensing and regulation of persons who engage in that business." Smith v. Tarrant County Bail Bond Bd., 997 S.W.2d 870, 871 (Tex. App.–Fort Worth 1999, pet. denied). Thus, the statute creates a county bail bond board (the "board") in each county with a population of 110,000 or more to administer and enforce the statute.[2] TEX. OCC. CODE ANN. §§ 1704.051, .101-.102 (Vernon 2002); see also id. §1704.052 (authorizing

---

[1]Letter from the Honorable Tim Curry, Criminal District Attorney, Tarrant County, to the Honorable John Cornyn, Texas Attorney General (Jan. 22, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]The population of Tarrant County is in excess of 110,000. See U. S. Census Bureau, State and County QuickFacts, available at <http://quickfacts.census.gov/qfd/states/48/48439.html> (last revised Feb. 7, 2002) (the population of Tarrant County is 1,446,219 according to the 2000 census).

creation of board in county with population of less than 110,000 if members eligible to be on board determine to do so). A person may not act as a bail bond surety in such a county unless the person holds a license issued by the board. *See id.* § 1704.151; *see also id.* § 1704.303(a) (providing that execution of bail bond without a license is a Class B misdemeanor offense). The only exception to the licensing requirement is for an attorney who executes a bail bond or acts as a surety for a person the attorney represents in the criminal case for which the bond is given. *See id.* § 1704.163; *see also Akridge v. State,* 13 S.W.3d 808, 810 (Tex. App.–Beaumont 2000, no pet.) (attorney acting as surety on client's bond as part of his legal representation of client and "not as a separate business transaction" is exempt from licensing requirement).

Chapter 1704 circumscribes the financial and business relationship between a bail bond surety and an attorney who provides or may provide legal representation to the person for whom the bail bond is executed, *i.e.,* the criminal defendant. Section 1704.302 broadly prohibits "bonding business" referrals and the giving and receiving of payments for such referrals. "Bonding business" is the "execution of a bail bond by a bail bond surety." TEX. OCC. CODE ANN. § 1704.001(3) (Vernon 2002). Subsections (a) and (b) of section 1704.302 provide that:

> (a) A person in the bonding business may not directly or indirectly give, donate, lend, or contribute, or promise to give, donate, lend, or contribute, money or property to an attorney, police officer, sheriff, deputy, constable, jailer, or employee of a law enforcement agency for the referral of bonding business.

> (b) A person may not accept or receive from a license holder money, property, or any other thing of value as payment for the referral of bonding business unless the records of the board show that the person is an agent or employee of the license holder.

*Id.* § 1704.302(a)-(b). A person who violates these provisions commits a Class A misdemeanor. *See id.* § 1704.302(c).

Section 1704.304 specifically prohibits a bail bond surety from referring business to an attorney:

> (a) A bail bond surety or an agent of a bail bond surety may not recommend or suggest to a person for whom the bail bond surety executes a bond the employment of an attorney or law firm in connection with a criminal offense.

*Id.* § 1704.304(a); *see also id.* § 1704.304(b) (prohibiting police officer, sheriff, deputy, constable, jailer, judge, employee of a law enforcement agency, or public official from recommending a bail bond surety). A violation of this provision is a Class B misdemeanor. *See id.* § 1704.304(e).

Finally, section 1704.252 of the Occupations Code authorizes the board to revoke or suspend a license if the holder engages in the conduct set out in this section. As relevant here, the board may revoke or suspend a license if the license holder

> (9) pays commissions or fees to or divides commissions or fees with, or offers to pay commission or fees to or divide commission or fees with, a person or business entity not licensed under this chapter.

> (10) recommends to a client the employment of a particular attorney or law firm in a criminal case.

*Id.* § 1704.252(9)-(10); *see also id.* § 1704.252(1) (board may revoke or suspend license if license holder "violates this chapter or a rule adopted by the board under this chapter").

You ask whether section 1704.252(9) prohibits a bail bondsman from "charging one fee for himself . . . while collecting a separate fee for a lawyer, 100% of which is remitted to the lawyer for legal fees." Request Letter, *supra* note 1, at 1. You indicate that the attorney is not licensed as a bail bond surety under chapter 1704. *See id.* You ask us to assume that the bondsman is not violating the statutory prohibition against referral of business to a particular attorney, suggesting that "perhaps the bondsman has been contacted by an attorney who already has a relationship with the client and who has requested the bondsman to make a bond and also to collect a legal fee or a down payment for a legal fee." *Id.*

We find it difficult to imagine any circumstance in which a bail bond surety would collect from a bail bond client a legal fee (or a down payment on that fee) for an attorney representing that same client that does not implicate a recommendation or referral prohibited by section 1704.302 or 1704.304(a). We presume that bail bond sureties do not generally collect payments for attorneys with whom they do not have a business or financial relationship. But even assuming that the statutory prohibitions against referrals are not violated, we conclude that section 1704.252(9) is sufficiently broad to cover the collection by a bondsman of a legal fee from a person for whom the bondsman executes a bail bond and remittal of that fee to an attorney.

In considering the scope of section 1704.252(9), we are guided by the following rules of statutory interpretation. When construing a statute, we must give effect to the legislature's intent. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To give effect to legislative intent, we construe a statute according to its plain language. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). "[T]extual aids to construction [may be considered] for the insight they may shed on how the Legislature intended that [its] words be interpreted. In doing so, we look at the entire act, and not at a single section in isolation." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999) (footnotes omitted). Unless words and phrases used in a statute have acquired a technical or particular meaning, by legislative definition or otherwise, they must be read in context and construed according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998).

Keeping in mind the above rules of statutory construction, we turn to section 1704.252(9) and consider its "plain" language. Subsection (9) is, on its face, very broad. It allows the board to revoke or suspend a license if the holder "pays commissions or fees to" or divides fees with a person not licensed under chapter 1704. The statute does not define or limit the meaning of the terms "pays" or "fees." Accordingly, we consider the ordinary meaning of these terms. In common usage, "pay" is used broadly to mean "give, deliver, or hand over" money or some other thing of value in return for goods or services or in discharge of some obligation. *See* XI OXFORD ENGLISH DICTIONARY 376 (2d ed. 1989). Similarly, "fees," as used here, ordinarily denotes the amount paid or due a professional for occasional services. *See* V OXFORD ENGLISH DICTIONARY 797 (2d ed. 1989). Thus, the phrase "pays commission or fees" describes the giving, delivery, or handing over of any money or thing of value due for professional services.

Next we look at the context in which "fee" is used. Neither section 1704.262(9) or another provision in chapter 1704 indicates the type of fee—whose "fees" or for what professional services—with which section 1704.262(9) is concerned. "Fee" as used in section 1704.262(9) could be construed to mean only the sum denominated and collected as the "fee" for executing a bail bond, with the consequence that a bondsman could collect a "separate" legal fee (or any other fee) in the course of a bail bond transaction. We reject this construction, however, as contrary to the manifest purpose of sections 1704.302, 1704.303, and 1704.304: to protect a criminal defendant from potential conflicts of interest inherent in a business or financial relationship between a bail bond surety executing a bail bond for the defendant and an attorney who will represent or is representing the defendant in the criminal case. *See* TEX. OCC. CODE ANN. §§ 1704.302-.304 (Vernon 2002); *see also supra* p. 2. A criminal defendant seeks the services of a bail bond surety to obtain a bail bond to stay out of jail. While the legal fee and bail bond fee may be denominated and viewed by a bondsman as "separate" fees, that distinction is effectively irrelevant from the defendant/payee's perspective. The defendant is required to pay a sum of money to the bondsman in the course of the execution of a bail bond that will keep him or her out of jail. A bail bond surety may surrender the defendant by filing an affidavit of the intent to do so and obtain a warrant for the defendant's arrest: "If the court or magistrate finds that there is cause for the surety to surrender his principal, the court shall issue a warrant of arrest for the principal." TEX. CRIM. PROC. CODE ANN. art. 17.19(b) (Vernon Supp. 2002); *see also id.* art. 17.16 (surety may before forfeiture relieve himself of liability by surrendering accused into custody of county sheriff); TEX. OCC. CODE ANN. § 1704.207 (Vernon 2002) (bail bond surety must provide reasonable cause for surrendering principal; principal may contest surrender without reasonable cause). A defendant presented with a request for a legal fee along with a bond fee may not be in a position to refuse to pay or, even more importantly, question the legal fee. And, collection by the bondsman of a legal fee from a criminal defendant would appear to have the potential, if not the design, to exploit the defendant's weak bargaining power. We do not believe that the legislature intended such a result. *See* TEX. GOV'T CODE ANN. §§ 311. 021(3) (Vernon 1998) (in enacting statute, presume that a just and reasonable result is intended); .023(1), (5) (Vernon 1998) (in construing statute, court may consider legislative objective and consequence of particular construction).

Instead, in the context of chapter 1704 as a whole, we believe "fee" as used in section 1704.252(9) is sufficiently broad to embrace a legal fee collected from a criminal defendant by a bondsman in the course of an execution of a bail bond for that defendant. Again, as you acknowledge, the thrust of chapter 1704 is to "eliminate any financial relationship between a bondsman and a criminal defense lawyer that is tied to a particular client's situation." Request Letter, *supra* note 1, at 2; *see also* TEX. OCC. CODE ANN. §§ 1704.303-.304 (Vernon 2002). Section 1704.252(9) must be construed in the context of the entire legislative act. *See Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex. 1994) (statutory provision must be construed in the context of entire statute of which it is a part). The collection from a bail bond client of a legal fee by a bail bond surety for an attorney who represents, or may represent, that client in the criminal case would appear to be precisely the financial entanglement the legislature sought to eliminate, even if it does not violate the sections 1704.302 and 1704.304(a) prohibitions against referrals. *See* TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 1998) (in construing statute, court may consider legislative objective and consequence of particular construction).

We disagree with your suggestion that section 1704.252(9) could be construed to allow bondsmen to collect attorneys' fees because such collection serves legitimate public policies:

> It increases the possibility that an oral agreement for representation will be consummated by formal written appearance of counsel before the court. Facilitating early attorney's fee payments also tends to lessen the possibility that the criminal defense attorney will eventually seek to withdraw from representation for non-payment of fees.

Request Letter, *supra* note 1, at 2. Chapter 1704 regulates bail bond sureties and the bonding business. It is not intended to facilitate or assure the criminal defendant's legal representation, the appearance of the defendant's attorney in court, or the collection of attorney's fees.

## S U M M A R Y

Section 1704.252 of the Occupations Code "prohibits" the collection by a bail bondsman from a person for whom the bondsman executes a bond of a legal fee for an attorney and remittal of that fee to the attorney because it is sufficiently broad to cover the collection and remittal of such fee.

Yours very truly;

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee