# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

January 14, 2004

The Honorable David K. Walker
Montgomery County Attorney
210 West Davis, Suite 400
Conroe, Texas 77301

Opinion No. GA-0135

Re: Whether a bail bond licensee may operate under one or more assumed names, and whether a bail bond board may regulate the number of names under which a licensee operates (RQ-0075-GA)

Dear Mr. Walker:

You ask whether a bail bond licensee may operate under one or more assumed names, and if so, whether a bail bond board may regulate the number of names under which a licensee operates.[1]

Pursuant to Occupations Code chapter 1704, a Texas county has authority to license and regulate bail bond sureties within the county. *See Smith v. Tarrant County Bail Bond Bd.*, 997 S.W.2d 870, 871 (Tex. App.–Fort Worth 1999, pet. denied). A "bail bond surety" is a person who (1) "executes a bail bond as a surety or cosurety for another person," or (2) "for compensation deposits cash to ensure the appearance in court of a person accused of a crime." TEX. OCC. CODE ANN. § 1704.001(2) (Vernon 2004). The statute creates a county bail bond board in every county with a population of 110,000 or more and authorizes the creation of a board in a county with a smaller population. *See id.* §§ 1704.051-.052.

Chapter 1704 provides for licensing individuals and corporations as bail bond sureties. *See id.* §§ 1704.001(5) (defining the term "person" to include individuals and corporations), 1704.152 (eligibility of individuals and corporations for licensing); *Harris County Bail Bond Bd. v. Blackwood*, 41 S.W.3d 123, 124 (Tex. 2001). Because corporate sureties act through agents who are individually licensed as bail bond sureties, corporations must comply with requirements not applicable to individual licensees. Before a corporation may execute bail bonds, it must file with the county clerk in the county where it intends to operate a power of attorney designating an agent authorized to execute bonds on its behalf. *See* TEX. OCC. CODE ANN. § 1704.211(a) (Vernon 2004). The corporation must also name its agents in its application for a license. *See id.* § 1704.211(b).

---

[1]Letter from Honorable David K. Walker, Montgomery County Attorney, to Honorable Greg Abbott, Texas Attorney General (June 26, 2003) (on file with Opinion Committee).

An individual who acts as a bail bond surety or as an agent for a corporate surety must hold a license issued under chapter 1704. *See id.* § 1704.151; *see also id.* § 1704.163 (exception for licensed attorney giving bond for person represented in a criminal case); Tex. Att'y Gen. Op. No. GA-0058 (2003). An individual, "including an agent designated by a corporation in an application," must comply with statutory requirements for a license, except that an individual "acting *only as* agent for a corporation" licensed as a bail bond surety does not need to comply with the financial requirements set out in section 1704.160. TEX. OCC. CODE ANN. § 1704.152(a) (Vernon 2004) (emphasis added). Instead, the corporation must make a separate deposit of financial security "for each license granted to it in a county." *Id.* § 1704.160(b). *See generally Blackwood*, 41 S.W.3d at 124 (a corporation must obtain a separate license for each agent it authorizes to issue bonds).

Nothing in chapter 1704 prohibits an individual licensee from conducting business under an assumed name. Tex. Att'y Gen. Op. No. JM-1023 (1989) at 3, MW-321 (1981) at 3; Tex. Att'y Gen. LO-96-044, at 1. The licensee must comply with the filing requirements of the Assumed Business or Professional Name Act (the "Assumed Name Act"), Business and Commerce Code, chapter 36. *See* TEX. BUS. & COM. CODE ANN. § 36.10 (Vernon 2002) (filing requirements for use of an assumed name). Nor does chapter 1704 prohibit a corporate surety from using an assumed name, but the Insurance Code, not the Assumed Name Act, governs the corporation's use of an assumed name. Tex. Att'y Gen. LO-98-068, at 3-4. *See* TEX. BUS. & COM. CODE ANN. § 36.03 (Vernon Supp. 2004) (Assumed Name Act does not apply to certain insurance companies); *id.* § 36.03 cmt. (Vernon 2002) (exclusion of insurance companies from Assumed Name Act reflects the Department of Insurance's long-standing policy prohibiting an insurance company from doing business under an assumed name except where the Insurance Code provides otherwise). An insurance company may do business under an assumed name subject to compliance with Department of Insurance regulations. *See* 28 TEX. ADMIN. CODE §§ 7.701-.702 (2003) (standards governing Insurance Commissioner's approval of corporate names); 19.1904(b) (requirements applicable to applicant wishing to use an assumed name to conduct an insurance business under a specialty insurance license).

The licensing requirements applicable to bail bond sureties, both individual and corporate, demonstrate that a surety may not use more than one assumed name. *See* Tex. Att'y Gen. Op. No. JM-1023 (1989) at 3. An application for a license must state:

> (A) the applicant's *name*, age, and address;
>
> (B) if the applicant is a corporation, whether the applicant is:
>
>> (i) chartered or admitted to do business in this state; and
>>
>> (ii) qualified to write fidelity, guaranty, and surety bonds under the Insurance Code;
>
> (C) the *name* under which the bail bond business will be conducted, including a bail bond business that is conducted by an agent of a corporation;

> (D) *each place*, including the street address and municipality, at which the business will be conducted; and

> (E) [information about showing financial responsibility if application is approved].

TEX. OCC. CODE ANN. § 1704.154(b)(2)(A)-(E) (Vernon 2004) (emphasis added). A licensee's bail bond business is to be conducted under a single name, which may be an assumed name, even if it will be conducted at more than one location. *See id.* § 1704.154(b)(2)(C)-(D).

Moreover, a county bail bond board may not issue more than one bail bond license to any person. *See* Tex. Att'y Gen. Op. Nos. JC-0128 (1999) at 3, JM-1023 (1989) at 3, MW-321 (1981) at 3. This limitation is reflected in a licensing provision applicable to persons who have been licensed as bail bond sureties under chapter 1704 in another county. *See* TEX. OCC. CODE ANN § 1704.154(b)(4)(G) (Vernon 2004). In this case, the application must be accompanied by "a list of *each county* in which the applicant *holds a license*." *Id.* § 1704.154(b)(4)(G)(i) (emphasis added). An individual licensee, including an individual acting as an agent for a corporate surety, may not conduct business under more than one assumed name.

A corporate surety, however, may appoint as agents various individual licensees, each of whom may use a distinct assumed name. The Texas Department of Insurance (the "Department") has addressed this matter in a Commissioner's Bulletin on the use of assumed names by persons executing bail bonds on behalf of a corporate surety. *See* TEXAS DEP'T OF INSURANCE, Commissioner's Bulletin No. B-0079-98, *available at* http://www.tdi.state.tx.us/commish/bulletins/b-0079-8.html (last visited on Dec. 9, 2003). *See generally* TEX. INS. CODE ANN. § 31.021 (Vernon 2004) (commissioner shall administer and enforce Insurance Code). The bulletin comments on Attorney General Letter Opinion 98-068, which concluded that the authority of a corporate bail bond licensee and its agents to use assumed names is governed by the Insurance Code and Department of Insurance regulations. *See* Tex. Att'y Gen. LO-98-068, at 1. The bulletin states in part:

> Attorney General Letter Opinion No. 98-068, dated August 21, 1998, discussed in general the use of assumed names by individual bondsmen and bondsmen acting as licensed agents of the corporate surety. . . .

> It is the opinion of the Department that the Texas Insurance Code does not prohibit corporate sureties from transacting the business of bail bond insurance by their duly designated agents, who operate under assumed names, so long as the powers of attorney fully disclose the person acting as agent and his assumed name, and so long as any posted listing of the person under his assumed name also notes that he is agent for the corporate surety. This opinion is based on our finding that there is no statutory prohibition nor public policy reason

> to prohibit the use of an assumed name by an agent acting through a
> power of attorney for a corporate bail bond surety.

TEXAS DEP'T OF INSURANCE, Commissioner's Bulletin No. B-0079-98, *supra*, at 1-2.

In construing a statute, a court may consider among other matters the administrative construction of the statute. *See* TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 1998); *Osterberg v. Peca*, 12 S.W.3d 31, 51 (Tex. 2000), *cert. denied*, 530 U.S. 1244 (2000) (reasonable construction of a statute by the administrative agency charged with its enforcement is entitled to great weight); *Ins. Co. of State of Pa. v. Stelhik*, 995 S.W.2d 939 (Tex. App.–Fort Worth 1999, pet. denied) (interpretation of Texas Workers Compensation statute in memo to field officer by executive director who is charged with enforcing statute was entitled to serious consideration in construing statute).

The insurance commissioner is the chief executive and administrative officer of the Department, with the duty to "administer and enforce this code, other insurance laws of this state, and other laws granting jurisdiction or applicable to the department or the commissioner." TEX. INS. CODE ANN. § 31.021(a) (Vernon 2004). The commissioner "has the powers and duties vested in the department" by the Insurance Code, *id.* § 31.021(b), which includes the duty to ensure that the Insurance Code and other laws regarding insurance and insurance companies are executed. *See id.* § 31.002(2). Commissioner's Bulletin No. B-0079-98, in determining that the Insurance Code does not prohibit a bondsman acting as agent for a corporate surety from using an assumed name, is consistent with the applicable statutes. The Assumed Name Act excludes an "insurance company" from its terms, *see* TEX. BUS. & COM. CODE ANN. § 36.03 (Vernon Supp. 2004), but an individual bail bond surety is not a "company" and therefore is not within the exclusion. *See id.* §§ 36.02(2) (Vernon 2002) (defining "company"); 36.02(7)(A), (E) (defining "assumed name" as it pertains to an individual and to a company). The bulletin articulates a reasonable construction of the Insurance Code by the administrator charged with enforcing and administering the code and we defer to its conclusion. Attorney General Letter Opinion 98-068 is overruled to the extent it conflicts with this opinion. *See* Tex. Att'y Gen. LO-98-068, at 4.

Thus, an individual bail bond licensee who acts as a corporate agent may use an assumed name, as long as he or she complies with the Assumed Name Act and his or her relationship with the corporate surety is disclosed where required. *See, e.g.*, TEX. OCC. CODE ANN. § 1704.105(a) (Vernon 2004) (board shall post in county criminal courts and shall provide to local officials responsible for detaining prisoners a list of each licensed bail bond surety and agent of the bail bond surety in the county). A corporate agent, like any individual bail bond surety, may not use more than one assumed name, but a corporation may operate through various individual agents, each of whom uses a distinct assumed name.

You ask whether a bail bond board may regulate the number of names under which a licensee operates. Chapter 1704 authorizes a county bail bond board to "exercise powers incidental or necessary to the administration of this chapter," to "supervise and regulate each phase of the bonding business in the county," and to "adopt and post rules necessary to implement this chapter." *Id.* § 1704.101; *see* Tex. Att'y Gen. Op. No. GA-0011 (2003) at 3. A bail bond board may adopt only such rules as are authorized by and consistent with statutory authority, and may not adopt rules that

impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions. *See Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 372 (Tex. App.–Corpus Christi 1999, no pet.); *Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. GA-0011 (2003) at 3. A county bail bond board may not prohibit a licensee from using an assumed name, but it may exercise its administrative and regulatory powers to prevent a licensee from using more than one assumed name. *See, e.g*, TEX. OCC. CODE ANN. §§ 1704.101 (Vernon 2004) (general administrative authority); 1704.109 (authority to regulate solicitations or advertisements to protect public from harassment, fraud, or misrepresentation); 1704.159 (authority to approve or deny application for license).

## S U M M A R Y

In a county with a bail bond board, an individual who acts as a bail bond surety or an individual who acts as an agent for a corporate surety may operate under an assumed name, but may not use more than one assumed name. A corporate surety, like an individual bail bond surety, may not use more than one assumed name, but the corporation may operate through various individual agents, each of whom uses a distinct assumed name. Attorney General Letter Opinion 98-068 is overruled to the extent it conflicts with this opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee