11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Texas
Department of Mental Health and Mental Retardation and Abilene State School

Appellants

Vs.      
            No. 11-00-00360-CV  -- 
Appeal from Taylor County

Ethel White
Kelley, Individually, and Richard D. Kelley on Behalf of the Estate of Anita
Gay Kelley

Appellees

 

This is an
interlocutory appeal from an order denying a plea to the jurisdiction.[1]  Ethel White Kelley, individually, and
Richard D. Kelley on behalf of the estate of Anita Gay Kelley (the Kelleys)
sued both the Texas Department of Mental Health and Mental Retardation and
Abilene State School (defendants) for damages resulting from the drowning death
of Anita, a 54-year-old mentally retarded resident of the School.  The defendants filed a motion to dismiss for
lack of jurisdiction, asserting sovereign immunity as to the allegations of
negligence in the Kelleys= petition.[2]  The trial court denied the motion.  We reverse and render.  








In their
sole issue on appeal, the defendants contend that they are immune from suit because
the Kelleys= allegations do not fall within the limited
waiver provisions of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE
ANN. ' 101.021 (Vernon 1997).  In order to address this issue, we must
determine the scope of waiver from the terms of the Act and then determine
whether the particular facts of this case are within that scope.  Texas Department of Criminal Justice v.
Miller, 51 S.W.3d 583, 587 (Tex.2001). 
In doing so, we must consider the Kelleys= pleadings and any evidence introduced that is relevant to the
jurisdictional issue.  Texas Department
of Criminal Justice v. Miller, supra; Texas Natural Resource Conservation
Commission v. White, 46 S.W.3d 864, 868 (Tex.2001); Bland Independent School District
v. Blue, 34 S.W.3d 547 (Tex.2000).  

Under the
doctrine of sovereign immunity, a governmental unit  is protected from suit 
unless immunity has been specifically waived by the legislature by clear
and unambiguous language.  Act of June
15, 2001, 77th Leg., R.S., ch. 1158, ' 8, 2001 Tex. Sess. Law Serv. 2433 (Vernon)(to be codified at TEX. GOV=T CODE ANN. ' 311.034); Dallas County Mental Health and Mental Retardation v.
Bossley, 968 S.W.2d 339, 341 (Tex.), cert. den=d, 525 U.S. 1017 (1998).  The
Kelleys assert that immunity has been waived in this case by Section
101.021(2), which provides that a governmental unit is liable for Apersonal injury and death so caused by a
condition or use of tangible personal or real property@ if, under the same circumstances, a private
person would be liable under Texas law. 


The
Kelleys alleged in their pleadings that the defendants are liable for the
following acts:

[F]urnishing and using defective equipment,
furnishing and using tangible personal property which was wholly inadequate to
protect decedent from a known harm, to wit: a person known to have violent
propensities who had previously inflicted physical harm on Miss Kelley and had
threatened to kill her; providing and using tangible personal property that
lacked an integral safety component in at least two respects: (1) the
installation and use of the alarm system in ARuby=s@ room for the purpose of purportedly monitoring her movements in an
effort to preclude her from attacking other residents in the cottage,
specifically, the deceased, Miss Kelley whom she had threatened to kill and who
had been the target of ARuby=s@ aggression, which alarm was only activated at night when ARuby@ was physically in her bed and was wholly inadequate to restrict or
restrain ARuby@ and/or protect Miss Kelley from a known peril; and (2) the failure to
install a sufficient safety device on the bathroom door of Cottage 6700 or to
provide any other adequate means of preventing access to the bathroom or
bathtub by Miss Kelley when unattended or unsupervised, based upon the fact
that Miss Kelley required close supervision when bathing; failing to provide a
premises safe from harm to decedent; and failing to perform ministerial acts
despite a known and foreseeable harm; and the negligence of Defendants and its
employees...in providing or allowing ARuby@ access to the bathtub and to the running
water where Miss Kelley=s death occurred, knowing ARuby=s@ propensity for violence and her threats of direct harm to Miss Kelley.









The Kelleys also asserted
that the decedent was found face down in the bathtub as it overflowed with hot
water, that the decedent=s lower body was twisted and facing upward, and that vomit was found in
various places in the bathroom.  Without
directly stating so, the Kelleys seemed to allege that ARuby@ killed the decedent in a gruesome altercation in the bathroom.  Ruby was a patient at the School.  She shared a bathroom with the decedent and
had exhibited violent tendencies toward the decedent.  Because of these tendencies, the School had installed an alarm to
monitor Ruby=s whereabouts during the night and had,
according to the petition, mandated that Ruby have one-on-one supervision at
all times.  








We hold
that the Kelleys failed to assert a claim for which immunity is waived by
Section 101.021(2).  Immunity is waived
under that section only when the condition or use of the property proximately
caused the injury or death.  AProperty does not cause injury if it does no
more than furnish the condition that makes the injury possible.@ 
Dallas County Mental Health and Mental Retardation v. Bossley, supra at
343; Eastland County Cooperative Dispatch v. Poyner, Nos. 11-00-00184-CV &
11-00-00284-CV, 2001 WL 1298717 (Tex.App. - Eastland Oct. 25, 2001, no pet=n h.); Laman v. Big Spring State Hospital,
970 S.W.2d 670 (Tex.App. - Eastland 1998, pet=n den=d). 
Furthermore, Section 101.021(2) does not waive immunity for the Anon-use@ of property.  Kassen v. Hatley,
887 S.W.2d 4, 14 (Tex.1994).  In this case,
the bathtub and the bathroom merely furnished conditions that made the decedent=s death possible; they did not proximately
cause her death.  Further, use of the
alarm did not proximately cause the decedent=s death.  The Kelleys= pleadings indicated that the alarm was only
activated at bedtime but that the decedent=s death occurred prior to bedtime. 
Thus, the alarm was not being used at the time of the injury; its
non-use does not trigger the waiver of immunity.  Also with respect to the alarm, the defendants= decision to use the alarm only at night did
not result in the use of property lacking an integral safety component.  See Kerrville State Hospital v. Clark, 923
S.W.2d 582, 585 (Tex.1996); Marroquin v. Life Management Center for MH/MR
Services, 927 S.W.2d 228, 232 (Tex.App. - El Paso 1996, writ dism=d w.o.j.). 
Although the Kelleys attempted to bring their case within Section
101.021(2), the real substance of their complaint is that their daughter=s death was caused, not by a condition or use
of property, but by the failure of the defendants to protect the decedent from
Ruby.  Section 101.021 of the Texas Tort
Claims Act does not waive immunity for that allegation.  See Dallas County Mental Health and Mental
Retardation v. Bossley, supra.  Because
the pleadings and evidence do not show that sovereign immunity was waived in
this case, the trial court erred when it did not grant the plea to the
jurisdiction.  Consequently, we sustain
the sole issue on appeal.  

The
judgment of the trial court is reversed, and judgment is rendered dismissing
the negligence cause of action brought under the Texas Tort Claims Act.  

 

W. G. ARNOT, III

CHIEF
JUSTICE

 

November 15, 2001

Do not publish.  See
TEX.R.APP.P. 47.3(b).    

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]See TEX. CIV. PRAC. & REM. CODE ANN. ' 51.014(a)(8) (Vernon Supp. 2001).  





     [2] We note that the petition also contains an allegation
that the defendants violated the patient=s
bill of rights and are liable under TEX. HEALTH & SAFETY CODE ANN. '' 321.003 & 571.003 (Vernon Supp. 2001 & Pamph.
Supp. 2001).  This cause of action was
not addressed in the defendants= motion and was
not ruled upon by the trial court.  At
the hearing regarding jurisdiction, defendants=
counsel stated that the claim under the Health and Safety Code was not at issue
and that the defendants did not, at that time, contest the trial court=s subject matter jurisdiction over that claim.  Consequently, the issue is not before us in
this appeal.  We note, however, that our
sister courts of appeals are split on the issue and that petitions have been
filed in the Texas Supreme Court.  See
Spindletop MHMR v. Doe, 54 S.W.3d 893 (Tex.App. - Beaumont 2001, pet=n filed)(sovereign immunity waived); Wichita Falls
State Hospital v. Taylor, 48 S.W.3d 782 (Tex.App. - Waco 2001, pet=n filed)(sovereign immunity waived); Central Counties
Center for Mental Health & Mental Retardation Services v. Rodriguez, 45
S.W.3d 707 (Tex.App. - Austin 2001, pet=n
filed)(sovereign immunity waived); Texas Department of Mental Health and Mental
Retardation v. Lee, 38 S.W.3d 862 (Tex.App. - Fort Worth 2001, pet=n filed)(sovereign immunity not waived).