**CENTER FOR HEALTH CARE SERVICES WORKSHOP,**
Appellant,

v.

**Mauricia RODRIGUEZ, as Next Friend of Johnny Rodriguez, Appellee.**

No. 04–01–00832–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 28, 2002.

Patrick C. Bernal, Susan C. Rocha, Denton, Navarro & Bernal, P.C., San Antonio, for Appellant.

Glenn W. Cunningham, Christopher A. Payne, Maloney & Maloney, P.C., San Antonio, for Appellee.

Sitting en banc: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, (concurring in judgment) KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: SANDEE BRYAN MARION, Justice.

The Center for Health Care Services Workshop[1] appeals the trial court's order denying its plea to the jurisdiction. On our own initiative, we consider this appeal en banc and we hold that because Johnny Rodriguez did not have standing to bring a claim under Chapter 321 of the Texas Health and Safety Code, we reverse the trial court's order and render judgment dismissing the cause. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000) (holding that standing is prerequisite to subject-matter jurisdiction, which may be raised in plea to the jurisdiction); *Patterson v. Planned Parenthood of Houston & Southeast Texas, Inc.,* 971 S.W.2d 439, 442 (Tex.1998) (holding that standing is threshold issue implicating subject-matter jurisdiction).

### SCOPE AND STANDARD OF REVIEW

■■ "Interpretation of a statute is a pure question of law over which the [trial] judge has no discretion." *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997). We therefore review the trial court's denial of the plea to the jurisdiction de novo. In doing so, we are "not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555.

### FACTUAL AND PROCEDURAL BACKGROUND

The Center for Health Care Services provides a variety of services for people with mental illness, mental retardation, and alcohol or chemical dependency. One of the services offered for individuals with mental retardation is vocational training for the purpose of transitioning individuals into private sector jobs. The vocational training services are provided by the Center for Health Care Services at its Workshop facility. Johnny, who has been diagnosed with mental retardation, attended a job training and placement program spon-

---

1. Mauricia Rodriguez named the Center for Health Care Services Workshop as the defendant in her petition. The appellant's correct name is the Center for Health Care Services.

The Center for Health Care Services Workshop is a facility at which certain services are offered.

sored at a Workshop facility.[2] While attending the program, he was allegedly physically and sexually assaulted by another program participant. Sometime thereafter, Johnny's mother sued the Center for Health Care Services Workshop,[3] alleging negligence and violations of the Patient Bill of Rights under Texas Health and Safety Code section 321.001. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 321.001–.004 (Vernon 2001). The Center for Health Care Services answered and filed a plea to the jurisdiction, contending sovereign immunity barred the negligence and statutory claims, and that Johnny was not a "patient" and its Workshop facility is not an "inpatient" facility for purposes of invoking the statute. After a hearing, the trial court denied the plea to the jurisdiction, and this appeal ensued. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2002). In this court, Johnny has abandoned his negligence claim. Therefore, our discussion concerns only the statutory claim. Because Johnny's standing to bring a claim under the Patient Bill of Rights is dispositive, we address only that basis for the trial court's jurisdiction.

## ANALYSIS

The Patient Bill of Rights was enacted to include "the applicable rights included in this chapter, Subtitle C of Title 7,[ ] Chapters 241, 462, 464, and 466, and any other provisions the agencies consider necessary to protect the health, safety, and rights of a patient receiving voluntary or involuntary mental health, chemical dependency, or comprehensive medical rehabilitation services in an inpatient facility." TEX. HEALTH & SAFETY CODE ANN. § 321.002(a) (Vernon 2001). A treatment or mental health facility that violates the Patient Bill of Rights "is liable to a person receiving care or treatment in or from the facility who is harmed as a result of the violation." *Id.* § 321.003(a). Mauricia Rodriguez argues that the Center for Health Care Services' Workshop facility is liable to Johnny because section 321.003(a)'s use of the term "person" means that a claimant need not be a "patient." She contends that the rights afforded to persons who receive mental health services under Title 25 of the Texas Administrative Code were incorporated into the Patient Bill of Rights; therefore, *anyone* who receives mental health services under an applicable section of the Administrative Code has a cause of action under Health and Safety Code Chapter 321 for a violation of the Patient Bill of Rights. *See* 25 TEX. ADMIN. CODE §§ 404.151–.167 (2002) ("Rights of Persons Receiving Mental Health Services"). We disagree.

The Patient Bill of Rights incorporates rights from other sections of the Health and Safety Code; however, none support Mauricia's argument. The purpose of Subtitle C of Title 7 "is to provide people having severe mental illness access to humane care and treatment. . . ." TEX. HEALTH & SAFETY CODE ANN. § 571.002 (Vernon 1992). Neither party alleges and the record does not indicate that Johnny suffers from a mental illness as that term is defined in the Mental Health Code. *See id.* § 571.003(14) (Vernon Supp.2002).[4]

---

2. The disclosure of information that might identify a person who has been or is a client of a Mental Health Mental Retardation facility, local authority, or contract provider is prohibited. *See Texas Administrative Code Title XXV part 2.* However, Rodriguez appears to have waived this protection by filing this suit using Johnny's name.

3. Mauricia Rodriguez alleged, in her original petition, that the Workshop facility is a nursing home, which it clearly is not.

4. "Mental illness means . . . an illness, disease, or condition, other than epilepsy, senility, alcoholism, or mental deficiency, that: (A) substantially impairs a person's thought, per-

Chapter 241 provides for the protection and promotion of "the public health and welfare by providing for the development, establishment, and enforcement of certain standards in the construction, maintenance, and operation of hospitals." *Id.* § 241.002 (Vernon 2001). Johnny's suit does not allege a violation of Chapter 241. *See id.* §§ 241.056, 241.156. Chapters 462, 464, and 466 provide for the treatment of chemically dependent persons, facilities treating alcoholics and drug-dependant persons, and regulation of narcotic drug treatment programs, respectively. *Id.* §§ 462.001 *et seq.*, 464. 001 *et seq.*, 466.001 *et seq.* Neither party alleges and the record does not indicate that Johnny suffers from alcohol or substance abuse.

■■■ The Patient Bill of Rights applies to *patients* who receive mental health, chemical dependency, or comprehensive medical rehabilitation services in an *inpatient* facility. Tex. Health & Safety Code Ann. § 321.002(a). Section 321.003 establishes liability for violations of a provision of the Patient Bill of Rights adopted pursuant to section 321.002. *Id.* § 321.003(a). We construe section 321.003 as imposing liability on an inpatient facility for harm to an individual who is a patient of the facility, when such harm results from a violation of the Patient Bill of Rights.[5]

A "patient" is one who receives voluntary or involuntary mental health services under the Texas Mental Health Code. *Id.* § 571.003(16) (Vernon Supp.2002). Johnny was receiving job training and placement services at the Workshop facility because of his diagnosis of mental retardation. The Workshop's program teaches individuals with mental retardation how to pay attention to work-tasks, personal hygiene, and other skills necessary to maintain employment in the community. Johnny was not receiving any services from the Workshop related to mental illness, chemical dependency, or medical rehabilitative needs. The Health and Safety Code defines "inpatient mental health facility" as "a mental health facility that can provide 24–hour residential and psychiatric services...." *Id.* § 571.003(9). A full-time psychiatrist is available to provide psychiatric counseling and treatment to Workshop clients at a clinical facility, but the Workshop itself does not provide psychiatric treatment on a twenty-four basis. The doctor does not consult with patients at the Workshop facility, and Johnny was not receiving this service as he had a private psychologist. The Workshop facility has no beds for its clients, who attend the program from 8:00 a.m. to 3:00 p.m. A nurse will assist Workshop clients who have brought their own medication, but the nurse does not prescribe medication for Workshop clients. It is clear that the Workshop is not an "inpatient" facility as that term is defined in the Health and Safety Code. Because Johnny is not a patient at an inpatient facility, he lacks standing to bring a claim under the Patient Bill of Rights, and the trial court erred in denying the Center for Health Care Services' plea to the jurisdiction on this basis.

---

ception of reality, emotional process, or judgment; or (B) grossly impairs behavior as demonstrated by recent disturbed behavior." Tex. Health & Safety Code Ann. § 571.003(14).

5. *See Texas Dept. Mental Health & Mental Retardation v. Lee,* 38 S.W.3d 862 (Tex.App.-Fort Worth 2001, pet. filed 3–27–01); *Central Counties Center for Mental Health & Mental Retardation Serv. v. Rodriguez,* 45 S.W.3d 707 (Tex.App.-Austin 2001, pet. filed 5–14–01); *Spindletop MHMR v. Doe,* 54 S.W.3d 893 (Tex.App.-Beaumont 2001, rule 53.7(f) motion filed 10–22–01); *Wichita Falls State Hosp. v. Taylor,* 48 S.W.3d 782 (Tex.App.-Waco 2001, pet. granted). In each of these cases, the plaintiff was a patient at an inpatient facility.

## CONCLUSION

Because we conclude that Johnny did not have standing to pursue his claims against the Center for Health Care Services, we do not reach the issue of whether immunity from suit under Health and Safety Code Chapter 321 is waived. We reverse the trial court's order denying the Center for Health Care Services' plea to the jurisdiction and render judgment dismissing the cause.