**WICHITA FALLS STATE HOSPITAL,
Appellant,**

v.

**Deborah D. TAYLOR, Individually and
as heir of the Estate of Terry Lynn
Taylor, Deceased, Appellees.**

No. 10–00–377–CV.

Court of Appeals of Texas,
Waco.

May 16, 2001.

Rick Thompson, Asst. Sol. Gen., Austin, for appellant.

James B. Barlow, Barlow & Garsek, Fort Worth, Michael D. Moore, Weatherford, for appellee.

Before Chief Justice DAVIS, Justices VANCE and GRAY.

## OPINION

DAVIS, Chief Justice.

Deborah Taylor filed a wrongful death and survival action against the Wichita Falls State Hospital and a doctor employed by the Hospital after her husband committed suicide following his discharge from the Hospital. Taylor contends that the Hospital discharged her husband in a manner contrary to the "patient's bill of rights" adopted by the Department of Mental Health and Mental Retardation ("MHMR") under chapter 321 of the Health and Safety Code. The Hospital filed a plea to the jurisdiction asserting that it is immune from suit because Taylor's petition does not state a claim under the Texas Tort Claims Act and because chapter 321 of the Health and Safety Code does not constitute a legislative waiver of immunity

from suit. The court denied the plea to the jurisdiction.

In this interlocutory appeal, the Hospital claims in a single issue that section 321.003 of the Health and Safety Code is not a legislative waiver of immunity from suit because the statute does not expressly waive immunity from suit and because such a waiver would be void as an impermissible delegation of legislative authority to the executive branch.

In 1993, the Legislature enacted chapter 321 of the Health and Safety Code. *See* Act of May 25, 1993, 73d Leg, R.S., ch. 705, § 1.01, 1993 Tex. Gen. Laws 2743, 2743–45 (codified at TEX. HEALTH & SAFETY CODE ANN. §§ 321.001 .004 (Vernon Supp.2001)). Section 321.002 directs MHMR to adopt a "patient's bill of rights" for any patient receiving voluntary or involuntary inpatient "mental health, chemical dependency, or comprehensive medical rehabilitation services."[1] TEX. HEALTH & SAFETY CODE ANN. § 321.002(a). Section 321.003 provides that any person harmed by a violation of the "patient's bill of rights" adopted by MHMR "may sue for injunctive relief, damages, or both," and that a "mental health facility ... is liable to a person receiving care or treatment in or from the facility who is harmed as a result of the violation." *Id.* § 321.003(a), (b).

Section 321.001(4) states that the term "[m]ental health facility has the meaning assigned by Section 571.003." *Id.* § 321.001(4). According to that statute, a "mental health facility" is:

- an inpatient or outpatient mental health facility operated by MHMR, a

federal agency, a political subdivision, or any person;

- a community center or a facility operated by a community center; or
- that identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided.

*Id.* § 571.003(12) (Vernon Supp.2001).

■■■ Sovereign immunity has two components: immunity from suit and immunity from liability. *See Federal Sign v. Texas So. Univ.,* 951 S.W.2d 401, 405 (Tex. 1997). Immunity from suit protects government entities and officials from suit. *See Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Immunity from liability protects government agencies and officials from judgment even if immunity from suit has been waived. *Id.; Federal Sign,* 951 S.W.2d at 405. Immunity from suit can be waived only by statute or legislative resolution. *See Federal Sign,* 951 S.W.2d at 405. Only immunity from suit can be raised in a plea to the jurisdiction. *See Jones,* 8 S.W.3d at 638–39; *Texas Dep't of Mental Health & Mental Retardation v. Pearce,* 16 S.W.3d 456, 459 (Tex.App.—Waco 2000, pet. dism'd w.o.j.).

Two courts in Texas have addressed the issue presented. The Fort Worth Court of Appeals has concluded that section 321.003 does not constitute a legislative waiver of immunity from suit. *See Texas Dep't of Mental Health & Mental Retardation v. Lee,* 38 S.W.3d 862, 871 (Tex.App.—Fort Worth 2001, pet. filed) (op. on reh'g).[2] According to *Lee:*

---

**1.** The "patient's bill of rights" appears in title 25 of the Texas Administrative Code. *See* 25 TEX. ADMIN. CODE §§ 404.151–.169 (West 2000).

**2.** On original submission, the Fort Worth Court determined that section 321.003 "expresses a clear and unambiguous legislative

intent that immunity from suit be waived." *Texas Dep't of Mental Health & Mental Retardation v. Lee,* No. 02–99–145–CV, slip op. at 17 (Tex.App.—Fort Worth Apr. 27, 2000), *withdrawn on reh'g,* 38 S.W.3d 862 (Tex. App.—Fort Worth 2001, pet. filed).

the mere incorporation in section 321.001 of another statute that defines treatment facility and mental health facility to include public facilities does not, without more, manifest a clear legislative intent to the contrary to *waive immunity*. While the statute evidences the legislature's intent to authorize actions for violations of the patient's bill of rights against private facilities licensed by state health care regulatory agencies, the statute does not, as it might, clearly express an intent to *waive immunity* by authorizing such actions against governmental entities.

*Lee*, 38 S.W.3d at 870–71 (footnotes omitted).

More recently, the Austin Court of Appeals has reached the opposite conclusion. *See Central Counties Ctr. for Mental Health & Mental Retardation Servs. v. Rodriguez*, 45 S.W.3d 707, 711 (Tex.App.— Austin 2001, no pet. h.). The Austin Court construed the pertinent statutes in the following manner:

Giving these Code provisions their plain and ordinary meaning, we construe them in a straightforward manner to mean what they say—that a person harmed by a violation of the patient's bill of rights while under the care of a mental health facility may sue that facility for damages and other relief. Because the Center and the Hospital are mental health facilities as defined in section 571.003, the legislature has consented in section 321.003(b) to their being sued for alleged violations of section 321.003(a). Any other interpretation would render the statute's language meaningless and of no effect.

*Id.*

■ We will follow *Rodriguez*. Thus, for the reasons stated by the Austin Court

of Appeals, we hold that section 321.003 constitutes a clear and unambiguous legislative waiver of immunity from suit.

The Hospital also contends that section 321.003 is an unconstitutional delegation of legislative authority to MHMR, an executive agency. However, section 321.003 does not delegate any responsibilities to MHMR. *See* TEX. HEALTH & SAFETY CODE ANN. § 321.003. Instead, it appears that the Hospital's delegation argument challenges section 321.002 which directs MHMR to promulgate a "patient's bill of rights." *Id.* § 321.002(a). Section 321.002 is the statutory basis for the administratively promulgated "bill of rights" under which MHMR's liability would be decided.

The constitutionality of section 321.002 has no bearing on the trial court's jurisdiction to entertain Taylor's suit. Thus, it is not the proper subject of a plea to the jurisdiction. *See Jones*, 8 S.W.3d at 638–39; *Pearce*, 16 S.W.3d at 459.

For the foregoing reasons, we affirm the order denying the Hospital's plea to the jurisdiction.

Justice GRAY dissenting.

GRAY, Justice, dissenting.

This case is about whether the State Legislature clearly and unambiguously waived sovereign immunity from being sued for violations of a "patient's bill of rights."[1] We are not to determine what is good public policy or bad public policy. We are not to fix or repair what the Legislature wrote.

But this is not statutory construction in the traditional sense. We do not necessarily have to resolve a question of statutory

---

1. Because this is an interlocutory appeal of a plea to the jurisdiction, the particular facts of the case are not relevant to this analysis.

Thus, nothing herein should be construed as an opinion about the merits of the underlying claim.

construction. In fact, if we find a need to construe or interpret the statute, our job is complete; there is no clear and unambiguous waiver of the State's immunity from suit.

Two cases have directly evaluated the issue. In one sense, they are of little help to resolving the issue. In one case, three justices held it was not a clear and unambiguous waiver. *See Texas Dep't of Mental Health & Mental Retardation v. Lee*, 38 S.W.3d 862 (Tex.App.—Fort Worth 2001, pet. filed) (op. on reh'g). In the other, two justices held it was a clear and unambiguous waiver and one justice concurred only in the result. *See Central Counties Ctr. For Mental Health & Mental Retardation Servs. v. Rodriguez*, 45 S.W.3d 707 (Tex.App.—Austin 2001, no pet. h.). When you add in the results of this court, four courts of appeals justices have concluded there is a clear and unambiguous waiver and four justices have concluded it is not a clear and unambiguous waiver.

My analysis is not nearly so complex as those articulated by my learned colleagues. I start with what the Texas Supreme Court has told me: a waiver of sovereign immunity must be by clear and unambiguous language. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980). I add to this the principle that we must examine the entire statute and all its parts to determine the purpose of the statute. *See Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 133 (Tex.1994); *Smith v. Wise County Bail Bond Bd.*, 995 S.W.2d 881, 884 (Tex.App.—Fort Worth 1999, pet. denied).

Next, I add to the mix the logic that when a defined term is used, we should be able to substitute the definition into the text of the statute and the applicability of the statute should be consistent, meaningful, and logical.

In this case, I begin with what appears to be a simply worded provision: "A person who has been harmed by a violation may sue for injunctive relief, damages, or both." TEX. HEALTH & SAFETY CODE ANN. § 321.003(b) (Vernon Pamp.2001). Now, we know this is not a clear and unambiguous waiver in itself because the Legislature frequently creates or codifies causes of action in broad language like this but does not waive the State's immunity. *Eg.* TEX. BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1987 & Pamp.2001) (the Deceptive Trade Practices–Consumer Protection Act). Taylor tells us that to determine who can be sued under this statute we must look to another section; one she contends is a waiver of the State's immunity from liability. The section states:

> A treatment facility or mental health facility that violates a provision of, or a rule adopted under, this chapter, ... is liable to a person receiving care or treatment in or from the facility who is harmed as a result of the violation.

TEX. HEALTH & SAFETY CODE ANN. § 321.003(a) (Vernon Pamp.2001).

For purposes of this opinion, we will skip the issues of whether this liability is to anyone other than the patient and whether it creates liability for events occurring after discharge. But a straight forward reading of this section certainly adds nothing to the question of whether the Legislature clearly and unambiguously waived the State's immunity from suit.

Now Taylor asks us to look to the definition section for the definitions of "treatment facility" and "mental health facility." When we turn to that section, we find the following:

> (4) "Mental health facility" has the meaning assigned by Section 571.003.
> (6) "Treatment facility" has the meaning assigned by Section 464.001.

TEX. HEALTH & SAFETY CODE ANN. § 321.001(4) and (6) (Vernon Pamp.2001).

So within this chapter we still have no indication that the Legislature has clearly and unambiguously waived the State's immunity from suit. But Taylor wants us to go to these referenced sections which were statutes enacted prior to Chapter 321 of the Health and Safety Code; so we will.

The majority turns only to the section referenced for the definition of "Mental health facility."

(12) "Mental health facility" means:

(A) an impatient or outpatient mental health facility operated by the department, a federal agency, a political subdivision, or any person;

(B) a community center or a facility operated by a community center; or

(C) that identifiable part of a general hospital in which diagnoses, treatment, and care for persons with mental illness is provided.

TEX. HEALTH & SAFETY CODE ANN. § 571.003(12) (Vernon Supp.2001).

Taylor and both courts which have previously construed the statute stop their analysis with this definition. Taylor, the Austin Court of Appeals, and the majority take the position that this is the definition which clearly and unambiguously waives the State's immunity from being sued.

If the effect of this definition is that its purpose was to make the State subject to suit and liable, the same analysis must apply equally to each entity referenced within that definition. But we know that cannot be the effect of this definition—why?—because this definition defines "mental health facility" to include both inpatient and outpatient mental health facilities. The patient's-bill-of-rights appears to apply only to inpatient facilities. The three agencies charged with each adopting a patient's-bill-of-rights, which is not a de-

fined term, are to include the provisions the agency considers

"... necessary to protect the health, safety, and rights of a patient receiving a voluntary or involuntary mental health, chemical dependency, or comprehensive medical rehabilitation services in an *inpatient* facility."

TEX. HEALTH & SAFETY CODE ANN. § 321.002(a) (Vernon Pamp.2001). (Emphasis added).

If we use the method of construing Texas Health and Safety Code Section 321.002 that Taylor uses to create the cause of action and waive the State's immunity from suit, outpatient mental health facilities would be liable for violations of the patient's-bill-of-rights. This is contrary to Texas Health and Safety Code Section 321.002(9) quoted above.

Additionally, if the application of the patient's bill of rights to outpatient facilities and their liability could be resolved under Texas Health and Safety Code Section 321.003, there is still the problem of including facilities operated by a federal agency within the list of entities who can be sued and that are liable. One thing that is clear, the Texas Legislature cannot waive the federal government's immunity. Again, if we are going to be consistent in construction of this statute, and if we use Taylor's theory of statutory construction, that is exactly what the Legislature has done—waived the federal government's immunity.

Finally, the definition of "Mental health facility" either violates one of the fundamental tenants of defining a term-you cannot use the term you are defining-or it is a very poor way to reference the definition of "inpatient mental health facility" which is separately defined. Again, the definition Taylor relies on and refers us to is:

*"Mental health facility"* means:

(A) an inpatient or outpatient *mental health facility* operated by the department, a federal agency, a political subdivision, or any person; . . .

TEX. HEALTH AND SAFETY CODE § 571.003(12)(A) (Vernon Supp.2001). (Emphasis added).

If the last portion of this subsection is actually a definition of what constitutes inpatient or outpatient mental health facility, then why have a separate definition of "inpatient mental health facility?"

(9) "Inpatient mental health facility" means a mental health facility that can provide 24–hour residential and psychiatric services and that is:

(A) a facility operated by the department;

(B) a private mental hospital licensed by the Texas Department of Health;

(C) a community center;

(D) a facility operated by a community center or other entity the department designates to provide mental health services;

(E) an identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided and that is licensed by the Texas Department of Health; or

(F) a hospital operated by a federal agency.

TEX. HEALTH AND SAFETY CODE § 571.003(9) (Vernon Supp.2001).

This definition would be redundant of subsection (12) to some extent—a facility operated by the department and a hospital operated by a federal agency—but not redundant as to other parts of the definition—a political subdivision, or any person.

If all this seems confusing or less than clear, hold that thought.

Now we turn our attention to the definition of treatment facility in Section 321.001(6) by reference to Texas Health and Safety Code Section 464.001.

In the referenced section:

(5) "Treatment facility" means:

(A) a public or private hospital;

(B) a detoxification facility;

(C) a primary care facility;

(D) an intensive care facility;

(E) a long-term care facility;

(F) an outpatient care facility;

(G) a community mental health center;

(H) a health maintenance organization;

(I) a recovery center;

(J) a halfway house;

(K) an ambulatory care facility; or

(L) any other facility that offers or purports to offer treatment.

TEX. HEALTH & SAFETY CODE ANN. 464.001(5) (Vernon 1992).

This section does not suffer from the internal vagueness that Texas Health and Safety Code Section 571.003 does regarding inpatient or outpatient mental health facility. It does, however, suffer from the same confusion of a conflict by the referenced definition expressly including outpatient care facility when the patient's bill of rights does not appear to apply to outpatient facilities. *Cf.* TEX. HEALTH & SAFETY CODE ANN. §§ 321.002(9) and 464.001(5)(F) (Vernon Pamp.2001 & Vernon 1992). Likewise, some of the other facilities mentioned in this later section could also be outpatient facilities.

Again, if this too seems confusing or less than clear, hold that thought.

This brings us back to where we started. We must only decide whether there was a clear and unambiguous waiver of the State's sovereign immunity from suit by

the Legislature. We need not decide what the statute means. If it is not a clear and unambiguous waiver, we simply say so.

It is not a clear and unambiguous waiver. If the statutes are confusing or if the statutes seem less than clear, then we have come to the only decision that is necessary to determine this case; there is not a clear and unambiguous waiver of immunity from suit. Because the majority concludes otherwise, I respectfully dissent.