SPINDLETOP MHMR, Formerly Life Resource Mental Health and Mental Retardation of Southeast Texas, Appellant,

v.

Jane DOE, Individually and on Behalf of Her Minor Child, June Doe, Appellees.

No. 09–01–224 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 9, 2001.

Decided Aug. 30, 2001.

16.  *Id.*

William S. Helfand, Kevin D. Jewell, Rachel D. Ziolkowski, Magenheim, Bateman & Helfand, P.L.L.C., Houston, for appellant.

Thomas A. Peterson, Peterson, Petit & Peterson, L.L.P., Mitchell A. Toups, Ste-

ven C. Toups, Weller, Green, Toups & Terrell, L.L.P., Beaumont, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Appellant, Spindletop MHMR, filed an interlocutory appeal pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2001), after the trial court issued an order denying appellant's plea to the jurisdiction on the basis of sovereign immunity. Appellees instituted suit alleging violation of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–101.109 (Vernon 1997 & Supp. 2001), and violation of Chapter 321 of the Texas Health and Safety Code, TEX. HEALTH & SAFETY CODE ANN. §§ 321.001–321.004 (Vernon 2001). Appellant's two issues before us inquire whether the trial court erred in finding that Chapter 321 of the Health and Safety Code clearly provides for waiver of sovereign immunity, and whether appellees' pleading was sufficient to allege facts that triggered waiver of sovereign immunity under the Tort Claims Act.

In Texas, "a governmental unit is immune from tort liability unless the Legislature has waived immunity." *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). "[W]hether a governmental unit is immune from liability for a particular claim depends entirely upon statute." *Id.* Therefore, we will examine the provisions contained in the Health and Safety Code separately from those contained in the Tort Claims Act in order to determine if the Legislature has waived immunity from tort liability on behalf of appellant in its capacity as a mental health facility operated by the state.

In Texas, "a governmental unit is immune from tort liability unless the Legislature has waived immunity." *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). "[W]hether a governmental unit is immune from liability for a particular claim depends entirely upon statute." *Id.* Therefore, we will examine the provisions contained in the Health and Safety Code separately from those contained in the Tort Claims Act in order to determine if the Legislature has waived immunity from tort liability on behalf of appellant in its capacity as a mental health facility operated by the state.

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999). Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). When reviewing an interlocutory appeal of a trial court's denial of a motion to dismiss for lack of subject matter jurisdiction, appellate courts construe the pleadings in favor of the plaintiff and look to the pleader's intent. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Thus, if the plaintiff alleges sufficient facts in its petition to establish a waiver of immunity, the reviewing court must affirm the trial court's order denying the plea to the jurisdiction. *See Montgomery County v. Fuqua*, 22 S.W.3d 662, 665 (Tex.App.—Beaumont 2000, pet. denied). Of course, the government may always reassert its immunity defense if and when discovery or other evidence later demonstrates that under the specific facts of the case, immunity has not been waived.

*Id.; see also Methodist Hosps. v. Texas Workers' Compensation Comm'n,* 874 S.W.2d 144, 149 (Tex.App.—Austin 1994, no writ) (Lack of trial court jurisdiction may be raised at any time, even on appeal, by the parties or by the court itself.).

With regard to waiver of immunity under Chapter 321 of the Health and Safety Code, three of our sister courts have addressed the issue. In *Texas Department of Mental Health and Mental Retardation v. Lee,* 38 S.W.3d 862 (Tex.App.—Fort Worth 2001, pet. filed), the Fort Worth court found the provisions contained in Chapter 321 did not "clearly express an intent to *waive immunity.*" *Id.* at 870–71 (emphasis in original). However, in *Central Counties Center for Mental Health & Mental Retardation Services v. Rodriguez,* 45 S.W.3d 707 (Tex.App.—Austin 2001, pet. filed), the Austin court construed the identical statutory provisions and held that "their plain and ordinary meaning" indicated that the legislature did consent in section 321.003(b) to suit against publicly-operated mental health facilities for alleged violations of section 321.003(a). *Rodriguez,* 45 S.W.3d at 711. The Waco court of appeals later issued an opinion essentially adopting the holdings and rationale of the Austin court. *See Wichita Falls State Hosp. v. Taylor,* 48 S.W.3d 782 (Tex. App.—Waco 2001, no pet. h.).

■ We have examined the analyses contained in the opinions cited above. We conclude that the Austin court is correct in its holding, particularly for the following observation:

Code section 321.003 reflects the legislature's clear and unambiguous waiver of both immunity from liability and immunity from suit. *Id.* § 321.003. Subsection (a) waives immunity from liability, while subsection (b) waives immunity from suit:

> (a) A treatment facility or mental health facility that violates a provision of, or a rule adopted under, this chapter, Subtitle C of Title 7 [Code section 571.001, *et seq.*], or Chapter 241, 462, 464, or 466 *is liable* to a person receiving care or treatment in or from the facility who is harmed as a result of the violation.
>
> (b) A person who has been harmed by a violation *may sue* for injunctive relief, damages, or both.

*Rodriguez,* 45 S.W.3d at 710 (emphasis by Austin court). Like the plaintiff in *Rodriguez,* the appellee in the instant case alleges violations of section 321.003(a), as said allegations are reflected in the "patient's bill of rights" located in Title 25 of the Texas Administrative Code. *See* 25 Tex. Admin. Code §§ 404.151–404.169 (2001).[1]

We further find, in section 321.003's language, a clear intent by the legislature to waive immunity by comparing the language contained in section 321.003(b) with that contained in Chapter 81 of the Civil Practices and Remedies Code, entitled "Sexual Exploitation By Mental Health Services Provider." Recall that section 321.003(b) provides that a person harmed by a violation under section 321.003(a) may sue for "injunctive relief, *damages, or both.*" Under Chapter 81, section 81.002

---

1. Specifically, section 404.154(24) guarantees the right "to be free from mistreatment, abuse, neglect, and exploitation. See 40 TAC Chapter 710, Subchapter A (concerning Abuse and Neglect of Persons Served by TXMHMR Facilities)." An examination of 40 Tex. Admin. Code § 710.5 (2001), entitled "Abuse, Neglect, and Exploitation of a Child Defined," includes a very comprehensive list of acts and omissions that would be available to a minor plaintiff suing under section 321.003(a) of the Health and Safety Code. Many of appellees' alleged violations are listed under section 710.5, especially with regard to the allegations of sexual abuse and sexual exploitation of the minor plaintiff.

provides for a cause of action based upon sexual exploitation by mental health services providers. *See* Tex. Civ. Prac. & Rem. Code Ann. § 81.002 (Vernon 1997). Section 81.004 provides that a prevailing plaintiff in such a lawsuit may recover actual damages, exemplary damages, and attorney fees. Tex. Civ. Prac. & Rem. Code Ann. § 81.004 (Vernon 1997). In 1999, Chapter 81 was amended by adding section 81.010, entitled "Injunctive Relief Against Governmental Units." Tex. Civ. Prac. & Rem. Code Ann. § 81.010 (Vernon Supp.2001). Section 81.010(b) explicitly limits a cause of action against a governmental unit to injunctive relief only, by ordering the governmental unit to discharge the mental health services provider who committed the conduct, with the plaintiff being permitted to recover only court costs and attorney's fees. The key sentence is found under section 81.010(d) which states that "[g]overnmental immunity to suit is waived and abolished only to the extent of the liability created by Subsection (b)."

It is clear to us that no such limiting language is contained in any section of Chapter 321 of the Health and Safety Code, nor in any of the applicable subsidiary provisions contained in Title 25 or Title 40 of the Administrative Code. There can be no more clear indication of waiver than the following plainly worded language in section 321.001(4): " 'Mental health facility' has the meaning assigned by Section 571.003 [of the Health and Safety Code]." Section 571.003 defines "mental health facility" as:

(A) an inpatient or outpatient mental health facility **operated by the depart-**

**ment,** a federal agency, a political subdivision, or any person;

(B) a community center or a facility operated by a community center; or

(C) that identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided.

Tex. Health & Safety Code Ann. § 571.003(12) (Vernon Supp.2001) (emphasis supplied).

In the instant case, we find no error by the trial court with regard to the denial of the plea to the jurisdiction as to appellees' cause of action under Chapter 321 of the Health and Safety Code. Appellate issue one is overruled.

■ The statutory provision pertinent to issue two is the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–101.109 (Vernon 1997 & Supp. 2001). At the outset, we recognize that Texas Supreme Court cases discussing the Texas Tort Claims Act have basically moved from permitting a "liberal" construction of the provisions of the Act to the Court's current position that "it is important to recognize that the Legislature intended the waiver in the Act to be limited, not unlimited, as shown in the history of its passage." *Bossley*, 968 S.W.2d at 341. *Compare Bossley to Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976) (Enacted in 1970, "[t]he statute calls for liberal construction to effectuate its purposes (Section 13)."), *and Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex.1983) ("However, section 13 of the Act provides, 'The provisions of this Act shall be liberally construed to achieve the purposes hereof.' ").[2]

---

**2.** The citations to "section 13" are to a provision of the Act prior to its codification in the Texas Civil Practice and Remedies Code. *See* Act of May 14, 1969, 61st Leg., R.S., ch. 292, § 1, sec. 13, 1969 Tex. Gen. Laws 874, 877,

*repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex. Gen. Laws 3242, 3322. It has been observed that the current codified version is now subject to interpretation in accordance with section

■ The portion of the Act in question appears at section 101.021(2), and provides that a governmental unit in the state is liable for:

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 1997). Construing appellees' pleadings in their favor, as we must, we find several allegations of harmful acts to the minor plaintiff that involve tangible items, *viz:*

Q. In negligently using prescription, non-prescription and illegal drugs which manipulated, influenced, exploited, abused and neglected the residents of the facility including the minor Plaintiff.

R. In negligently using food, cigarettes and other privileges which manipulated, influenced, exploited, abused and neglected the residents of the facility, including the minor Plaintiff.

S. In negligently using adult oriented or other non-approved video tapes which manipulated, influenced, abused and neglected the residents of the facility, including the minor Plaintiff.

There is also an allegation that supervisory staff took the residents of the facility off the premises in order to facilitate the sexual exploitation and abuse of said residents. We have no evidence of the specific facts of this event, but the proof could show substantial involvement of a motor-driven vehicle belonging to the facility, thus possibly triggering the waiver provision of section 101.021(1). Therefore, construing the pleadings favorably to appellees, we cannot say the trial court erred in denying the appellant's plea to the jurisdiction with regard to appellees' Tort Claims Act cause of action. As mentioned above, should other evidence or further discovery later indicate that, under the *specific* facts of the case, immunity has not been waived under the Tort Claims Act, appellant may always reassert its immunity defense. We overrule the second appellate issue and affirm the trial court's denial of appellant's plea to the jurisdiction.

AFFIRMED.

311.023 of the Code Construction Act, TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). *See Robinson v. Central Texas MHMR Ctr.,* 780 S.W.2d 169, 170 n. 2 (Tex.1989) (Tort Claims Act now interpreted "to give effect to the 'object sought to be attained' "). We note in passing that *Robinson* only referenced one of the seven "statute construction aids" listed in section 311.023. Two other important construction aids, we believe, include "circumstances under which the statute was created" and "consequences of a particular construction."