PUrdin v. Copperas Cove EDC















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00331-CV

     CHERYL L. PURDIN,
                                                                         Appellant
     v.

     COPPERAS COVE ECONOMIC
     DEVELOPMENT CORPORATION,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,501
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      We have been down this road before. The last time we went this direction, the Texas
Supreme Court told us we took a wrong turn.
      The majority frames the question we must answer as “...whether CCEDC is a ‘state
instrumentality’ under the CHRA.” Maj. slip op. at 3. Or if you prefer, their more general
question is “...whether an economic development corporation organized under article 5190.6,
section 4A is an ‘employer’ for purposes of application of the Texas Commission on Human
Rights Act.” Maj. slip op. at 1. But the truth is, the question we must answer is whether the
legislature clearly and unambiguously waived sovereign immunity for suits brought against
economic development districts for retaliation under the TCHRA.
      We should go through the same analysis in this case that Justice Jefferson did, writing for
a unanimous Texas Supreme Court, in Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692
(Tex. 2003). If we go through the same analysis in this case, although some of the factors may
be slightly different, the end result would be the same: The legislature did not clearly and
unambiguously waive sovereign immunity for suits brought against economic development
districts by including the term, “state instrumentality,” within the definition of “employer” in
the TCHRA.
      But this is yet another case in which a majority of this court goes through a long analysis
to justify finding a waiver of sovereign immunity. See Wichita Falls State Hosp. v. Taylor, 48
S.W.3d 782 (Tex. App.—Waco 2000), rev’d, 106 S.W.3d 692 (Tex. 2003). The majority
acknowledges that the waiver is not clear and unambiguous when it states: “the meaning of
‘state instrumentality’ and whether development corporations are included is not clearly
expressed in the CHRA.” If they would only likewise acknowledge that the waiver of
sovereign immunity must be clear and unambiguous, this could be a memorandum, per curiam,
opinion.
      The majority, however, uses an entirely different analysis than what the Supreme Court
used. And it would be a simple process to go through the analysis used by the majority and
draw the reader to an opposite conclusion. It is all in what you choose to emphasize, broad
purposes with tangential benefits for people all across the State, as the majority has done, or
more localized purposes, those that benefit the public located in and around the City of
Copperas Cove. The charter, for example, which defines the limited purposes of the CCEDC,
states its purpose as being “exclusively for the purpose of benefitting and accomplishing public
purposes of, and to act on behalf of, the City of Copperas Cove....”
      One frightening collateral aspect of the majority’s analysis could be the State of Texas’s
liability not only for this litigation, but also for CCEDC’s bonds. If CCEDC is a state
instrumentality, the bond debt that it incurs may therefore be a State debt, and it may be
necessary to have that debt approved by a constitutional amendment. Tex. Const. art III, §
49; Texas Public Bldg. Authority v. Mattox, 686 S.W.2d 924, 928 (Tex. 1985) (where bonds
were not debts of the State, or any agency, political corporation, or political subdivision of the
state and are not a pledge of the faith and credit of any of them, article III, section 49 of the
Texas Constitution is not violated). But the enabling statute that authorizes economic
development districts specifies that an economic development district’s debt is not a State
obligation. Tex. Rev. Civ. Stat. Ann. art. 5190.6 § 22 (Vernon Supp. 2004). This clearly
militates against the majority’s construction of the statute. And an economic development
district is not like other entities that have been determined to be state instrumentalities, those
that have the power of eminent domain and, more importantly, the authority to levy and collect
taxes to pay for their debts.
      The legislature could easily have included all economic development districts under the
definition of “employer” if it so desired. But it did not. Further, because of the limited
funding for these entities, the legislature may very well have recognized that sovereign
immunity was the only way to protect the purposes of the entity from economic devastation due
to litigation. And I am not characterizing the merits of Purdin’s underlying claim, just
acknowledging the cost of litigation. Here we are, years after the events and still litigating the
procedural posture of the case.
      This case could be the watershed case in sovereign immunity if the Texas Supreme Court
is asked to review it. If there is room for weighing policy choices and exercising a significant
amount of discretion in favor of finding a waiver of immunity by a judicial review of one of
the myriad of definitions within a statute like the TCHRA, as the majority has done, the
judicial system in Texas will be forever burdened with an ever increasing number of these
cases by creative, smart, policy-oriented lawyers seeking to sway the majority of judges on a
particular court to create a waiver through a definition. But in my view, such decisions are for
the legislature to make. It is the legislature that must weigh various competing policy factors
for and against waiving sovereign immunity. If I was in the legislature, I would conduct just
such an evaluation.
      But we in the judiciary have been told to find a waiver only if it is clear and unambiguous. 
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003). And we have also
been told that if there is any uncertainty, we should construe the statute as not being a waiver
of sovereign immunity. Id. at 697. As a judge, I do not have the luxury to make the policy
choices for defining “employer” so as to create a waiver of sovereign immunity for Purdin. 
On the issue before us, under the law as clearly stated in Wichita Falls State Hospital, we
should not construe “employer” to include a governmental entity not otherwise clearly
included within the scope of the waiver of sovereign immunity.
      Because the economic development district is not clearly and unambiguously included
within the TCHRA definition of state instrumentality, it is not an “employer” as defined by the
TCHRA and as required to constitute a waiver of immunity. If it is not an employer for
purposes of the TCHRA, there is no waiver of sovereign immunity by the TCHRA for
retaliation as alleged. Without a waiver there is no jurisdiction.
      I would affirm the trial court’s judgment dismissing Purdin’s claim for want of
jurisdiction. Because the majority does not, I respectfully dissent.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Dissenting opinion delivered and filed July 21, 2004