**EL PASO MENTAL HEALTH AND MENTAL RETARDATION CENTER, Appellant,**

v.

**Shannon CRISSMAN, Appellee.**

**No. 08–06–00254–CV.**

Court of Appeals of Texas, El Paso.

Aug. 16, 2007.

Angela Morrow Nickey, Robles, Bracken, Coffman & Hughes, L.L.P., El Paso, TX, for Appellant.

Lisa Elizondo, Elizondo, Hayes & Locke, PC. El Paso, TX, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

El Paso Mental Health and Retardation Center brings an interlocutory appeal from an order denying its plea to the jurisdiction based on sovereign immunity. For the reasons that follow, we reverse and render.

## FACTUAL SUMMARY

In her pleadings, Shannon Crissman alleges she was a patient of El Paso MHMR in August 2005. Travis Logan, a caseworker employed by El Paso MHMR, began making sexual contact with Crissman for the purpose of his own sexual arousal or gratification. Crissman brought suit under the Texas Tort Claims Act alleging that Logan used El Paso MHMR's equipment (tables, chairs, and doors) and vehicles to facilitate his intentional misconduct, and that El Paso MHMR was negligent in its hiring, retention, and supervision of Logan and his use of the facility and vehicles. Crissman asserted that Logan removed her from the facility in one of its vehicles in order to sexually exploit and abuse her. Crissman also brought suit under Section 81.001 of the Civil Practice and Remedies Code [1] alleging that El Paso MHMR breached its statutory duty by failing to make an inquiry of a former employer concerning the possible occurrence of sexual exploitation. She alleged that El Paso MHMR knew or should have known that Logan engaged in sexual exploitation and failed to report it or take necessary action to prevent or stop it. Finally, Crissman brought a Section 1983 action alleging that Logan intentionally inflicted severe injury on her in accordance with the policies or customs of El Paso MHMR and in violation of her civil rights.

El Paso MHMR filed a plea to the jurisdiction based on sovereign immunity. Following a hearing, the trial court granted the plea with respect to the Section 81.001 cause of action and dismissed that claim with prejudice because Logan had been terminated before Crissman filed suit. The court denied the plea based on the asserted non-waiver of sovereign immunity under Sections 101.021 and 101.057 of the Tort Claims Act. Finally, the court denied the plea with respect to the Section 1983 cause of action. El Paso MHMR brings this interlocutory appeal.

## TEXAS TORT CLAIMS ACT

In its sole issue, El Paso MHMR challenges the trial court's denial of its plea to the jurisdiction with respect to Crissman's claims brought under the Tort Claims Act. El Paso MHMR maintains that although Crissman alleges various negligent acts on its part, the gravamen of her claim arises from Logan's intentional tortious conduct.

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 81.001 (Vernon 2005).

Because a governmental entity is immune from suit for injuries caused by the intentional conduct of its employee, El Paso MHMR argues that the trial court erred by denying its plea to the jurisdiction. Additionally, El Paso MHMR contends that none of Crissman's allegations falls within Section 101.021 of the Tort Claims Act.

When a lawsuit is barred by sovereign immunity, the trial court lacks subject matter jurisdiction, and dismissal with prejudice is proper. *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.-Austin 1998, no pet.). A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of the cause of action. *City of Saginaw v. Carter*, 996 S.W.2d 1, 2 (Tex.App.-Fort Worth 1999, pet.dism'd w.o.j.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993); *City of Saginaw*, 996 S.W.2d at 2. Subject matter jurisdiction is a legal question which we review *de novo. City of Saginaw*, 996 S.W.2d at 2; *Texas Department of Health v. Doe*, 994 S.W.2d 890, 892 (Tex.App.-Austin 1999, pet. dism'd by agr.). We consider the allegations in the petition and accept them as true. *See City of Saginaw*, 996 S.W.2d at 2–3. The plaintiff's jurisdictional pleadings are to be construed liberally in the plaintiff's favor and we look to the pleader's intent. *See Texas Association of Business*, 852 S.W.2d at 446. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indepen-*

*dent School District v. Blue*, 34 S.W.3d 547, 555 (Tex.2000); *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

El Paso MHMR is a community center, and as such, it is a state agency, a governmental unit, and a unit of local government as defined by Chapters 101 and 102 of the Civil Practice and Remedies Code. Tex. Health & Safety Code Ann. § 534.001(c)(Vernon Supp.2006). It is thus protected by the doctrine of sovereign immunity. The Tort Claims Act waives sovereign immunity from suits arising from (1) the wrongful act or omission or the negligent conduct of an employee acting within the scope of his employment if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment and if the employee would be personally liable to the claimant, and (2) from injuries or death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 2005); *Texas Department of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex.2001). Liability under Section 101.021(1)'s waiver of sovereign immunity is predicated upon a wrongful act or omission of a governmental employee. *See id.* § 101.021(1). Section 101.021(2) waives sovereign immunity for injuries caused by a condition or use of either tangible personal property or real property. *Id.* § 101.021(2); *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995). Essentially, Section 101.021(2) encompasses governmental liability based on (1) the doctrine of *respondeat superior* for injuries proximately caused by a governmental employee's negligent use of tangible personal property or real property; and (2) premise defects. *See DeWitt*, 904 S.W.2d at 653. However, the Act specifi-

cally excludes waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort. . . ." Tex.Civ. Prac. & Rem.Code Ann. § 101.057; *Petta*, 44 S.W.3d at 580.

### Negligent Hiring, Retention, and Supervision

■ Crissman's negligent hiring, retention and supervision claims must satisfy Section 101.021's requirements in order for there to be a waiver of sovereign immunity. *See Petta*, 44 S.W.3d at 581. The factual portion of Crissman's pleadings allege that Logan sexually exploited her "by engaging in a pattern, practice or scheme of conduct, which included sexual contact, for the purpose of sexual arousal or gratification or sexual abuse . . ." while she was a patient at El Paso MHMR. Crissman attempts to bring her claim within Section 101.021 and avoid the exclusion found in Section 101.057 by alleging that her injuries were caused by El Paso MHMR's negligent hiring, retention, and supervision of Logan. Crissman's pleadings do not contain any factual allegations that the negligent hiring and retention claims involve tangible personal property or the operation or use of a motor-driven vehicle. Consequently, sovereign immunity is not waived with respect to these claims. *See Campos v. Nueces County*, 162 S.W.3d 778, 787–88 (Tex.App.-Corpus Christi 2005, pet. denied) (female prisoners' allegations that county negligently hired, trained, and supervised guards at county substance abuse treatment facility did not involve condition or use of tangible personal property as required to waive governmental immunity under Tort Claims Act).

■ Crissman also contends that El Paso MHMR negligently failed to supervise Logan's use of the facility's motor-driven vehicles. We understand Crissman to allege that El Paso MHMR's negligence provided Logan with the means and opportunity to sexually exploit her. Her pleadings do not allege and there is no evidence in the record that this claim involves the use of tangible personal property. At the hearing, Crissman's counsel asserted that El Paso MHMR was negligent in its use of a vehicle log because the employees were not filling the log out accurately and "there was no record of where they were going, or why they were using the vehicle."

■ Allegations of negligent supervision do not satisfy the limited waiver of immunity contained within the Tort Claims Act. *City of Waco v. Williams*, 209 S.W.3d 216, 232 (Tex.App.-Waco 2006, pet. denied); *The University of Texas Health Science Center v. Schroeder*, 190 S.W.3d 102, 106 (Tex.App.-Houston [1st Dist.] 2005, no pet.). Further, Crissman's allegation that the vehicle log was inaccurate and did not indicate where the patient was being taken or why involves the misuse or non-use of information, not tangible personal property. Even though the paper on which the information is recorded is tangible, the information itself is not tangible personal property since it is an abstract concept that lacks corporeal, physical, or palpable qualities. *See University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex.1994). Therefore, an allegation that a governmental unit used, misused, or failed to use information does not involve the use of tangible personal property. *Id.* Consequently, sovereign immunity is not waived for these claims. It is unnecessary to address El Paso MHMR's contention that Section 101.057 also applies to exclude any waiver of immunity presented by these allegations.

### Negligent Use of Personal Property and Motor–Driven Vehicle

■ Crissman's petition alleges that Logan, acting in the course and scope of

employment, negligently used El Paso MHMR's equipment, such as tables, chairs, and doors, to facilitate the sexual exploitation and abuse, and that he negligently removed her from the premises in a motor-driven vehicle in order to facilitate his conduct. Although Crissman characterizes Logan's alleged use of the equipment and motor-driven vehicle to commit sexual assault as negligent, the allegations plainly involve an injury resulting from intentional tortious conduct. These allegations fit squarely within Section 101.057's exclusion of claims arising out of assault and any other intentional tort. *See Petta,* 44 S.W.3d at 580.

In arguing that sovereign immunity is waived, Crissman relies upon *Spindletop MHMR v. Doe,* 54 S.W.3d 893 (Tex.App.-Beaumont 2001, pet. denied) which involves similar allegations. There, a parent, on behalf of herself and a minor child, brought suit against Spindletop alleging that its employees sexually abused the minor child who was a patient at the facility. The suit alleged that there was a waiver of sovereign immunity under the Tort Claims Act and Chapter 321 of the Health and Safety Code. *Id.* at 895. The trial court denied the plea to the jurisdiction based on sovereign immunity. *Id.* The Beaumont Court of Appeals found that the trial court correctly denied the plea because sovereign immunity was clearly and unambiguously waived by Section 321.003 of the Health and Safety Code. *Id.* at 896–97. In reaching this conclusion, the court of appeals joined the Waco[2] and Austin Courts of Appeals[3] in finding a waiver of

sovereign immunity under this section and disagreed with the Fort Worth Court of Appeals which had reached the opposite conclusion.[4] With respect to the Tort Claims Act, Doe alleged that certain Spindletop employees negligently used various items of tangible personal property, including drugs, food, cigarettes, and adult-oriented videotapes, in order to manipulate, influence, exploit, abuse, and neglect the residents, including the minor child. *Id.* at 898. The Beaumont Court of Appeals concluded that sovereign immunity was also waived under Section 101.021(2) because the petition alleged "harmful acts to the minor plaintiff that involve tangible items...." *Id.* at 898. Additionally, the petition alleged that supervisory staff took the residents off of the premises in order to facilitate the sexual exploitation and abuse of the minor plaintiff and other residents. *Id.* Even though the petition apparently did not allege that the residents left the premises in motor-driven vehicles owned by the facility, the court of appeals observed that "the proof could show substantial involvement of a motor-driven vehicle belonging to the facility, thus possibly triggering the waiver provision of section 101.021(1)." *Id.*

We decline to follow *Spindletop* for two reasons. First, the court of appeals focused nearly all its analysis on whether sovereign immunity is waived under Section 321.003 of the Health and Safety Code. Crissman does not rely on Section 321.003 in asserting a waiver of sovereign immunity. Further, the Supreme Court

---

**2.** *See Wichita Falls State Hospital v. Taylor,* 48 S.W.3d 782 (Tex.App.-Waco 2001). The Supreme Court reversed the Waco Court of Appeals, finding no clear and unambiguous waiver of immunity in Section 321.003. *Wichita Falls State Hospital v. Taylor,* 106 S.W.3d 692, 699–702 (Tex.2003).

**3.** *See Central Counties Center for Mental Health & Mental Retardation Services v. Rodriguez,* 45 S.W.3d 707 (Tex.App.-Austin 2001), *reversed* 106 S.W.3d 702 (Tex.2003).

**4.** *Texas Department of Mental Health & Mental Retardation v. Lee,* 38 S.W.3d 862, 871 (Tex.App.-Fort Worth 2001, pet. denied).

has found that there is not a clear and unambiguous waiver of sovereign immunity under that section. Second, *Spindletop* does not discuss Section 101.057's intentional tort exception to a waiver of sovereign immunity.

We conclude that sovereign immunity is not waived under Section 101.021 for the negligent hiring/retention and supervision claims. Crissman's allegations pertaining to Logan's use or misuse of the equipment and operation of the vehicle fall within Section 101.057's intentional tort exception to waiver of sovereign immunity. Because the trial court erred in denying El Paso MHMR's plea to the jurisdiction, we sustain the sole issue for review, reverse the order denying the plea to the jurisdiction, and render judgment dismissing Crissman's claims brought under the Tort Claims Act.