Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





EL PASO MENTAL HEALTH AND
MENTAL RETARDATION CENTER,


 Appellant,


v.


SHANNON CRISSMAN,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00254-CV



Appeal from


 County Court at Law No. 6


of El Paso County, Texas


(TC # 2006-1613)




O P I N I O N



 El Paso Mental Health and Retardation Center brings an interlocutory appeal from an order
denying its plea to the jurisdiction based on sovereign immunity. For the reasons that follow, we
reverse and render.

FACTUAL SUMMARY 


 In her pleadings, Shannon Crissman alleges she was a patient of El Paso MHMR in August
2005. Travis Logan, a caseworker employed by El Paso MHMR, began making sexual contact with
Crissman for the purpose of his own sexual arousal or gratification. Crissman brought suit under
the Texas Tort Claims Act alleging that Logan used El Paso MHMR's equipment (tables, chairs, and
doors) and vehicles to facilitate his intentional misconduct, and that El Paso MHMR was negligent
in its hiring, retention, and supervision of Logan and his use of the facility and vehicles. Crissman
asserted that Logan removed her from the facility in one of its vehicles in order to sexually exploit
and abuse her. Crissman also brought suit under Section 81.001 of the Civil Practice and Remedies
Code (1) alleging that El Paso MHMR breached its statutory duty by failing to make an inquiry of a
former employer concerning the possible occurrence of sexual exploitation. She alleged that El Paso
MHMR knew or should have known that Logan engaged in sexual exploitation and failed to report
it or take necessary action to prevent or stop it. Finally, Crissman brought a Section 1983 action
alleging that Logan intentionally inflicted severe injury on her in accordance with the policies or
customs of El Paso MHMR and in violation of her civil rights. 

 El Paso MHMR filed a plea to the jurisdiction based on sovereign immunity. Following a
hearing, the trial court granted the plea with respect to the Section 81.001 cause of action and
dismissed that claim with prejudice because Logan had been terminated before Crissman filed suit. 
The court denied the plea based on the asserted non-waiver of sovereign immunity under
Sections 101.021 and 101.057 of the Tort Claims Act. Finally, the court denied the plea with respect
to the Section 1983 cause of action. El Paso MHMR brings this interlocutory appeal. 

TEXAS TORT CLAIMS ACT


 In its sole issue, El Paso MHMR challenges the trial court's denial of its plea to the
jurisdiction with respect to Crissman's claims brought under the Tort Claims Act. El Paso MHMR
maintains that although Crissman alleges various negligent acts on its part, the gravamen of her
claim arises from Logan's intentional tortious conduct. Because a governmental entity is immune
from suit for injuries caused by the intentional conduct of its employee, El Paso MHMR argues that
the trial court erred by denying its plea to the jurisdiction. Additionally, El Paso MHMR contends
that none of Crissman's allegations falls within Section 101.021 of the Tort Claims Act.

 When a lawsuit is barred by sovereign immunity, the trial court lacks subject matter
jurisdiction, and dismissal with prejudice is proper. City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d
750, 752 (Tex.App.--Austin 1998, no pet.). A plea to the jurisdiction is a dilatory plea by which a
party contests the trial court's authority to determine the subject matter of the cause of action. City
of Saginaw v. Carter, 996 S.W.2d 1, 2 (Tex.App.--Fort Worth 1999, pet.dism'd w.o.j.); State v.
Benavides, 772 S.W.2d 271, 273 (Tex.App.--Corpus Christi 1989, writ denied). The plaintiff has
the burden to allege facts affirmatively demonstrating that the trial court has subject matter
jurisdiction. Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex.
1993); City of Saginaw, 996 S.W.2d at 2. Subject matter jurisdiction is a legal question which we
review de novo. City of Saginaw, 996 S.W.2d at 2; Texas Department of Health v. Doe, 994 S.W.2d
890, 892 (Tex.App.--Austin 1999, pet. dism'd by agr.). We consider the allegations in the petition
and accept them as true. See City of Saginaw, 996 S.W.2d at 2-3. The plaintiff's jurisdictional
pleadings are to be construed liberally in the plaintiff's favor and we look to the pleader's intent. 
See Texas Association of Business, 852 S.W.2d at 446. A court deciding a plea to the jurisdiction
is not required to look solely to the pleadings, but may consider evidence and must do so when
necessary to resolve the jurisdictional issues raised. Bland Independent School District v. Blue, 34
S.W.3d 547, 555 (Tex. 2000); see County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 

 El Paso MHMR is a community center, and as such, it is a state agency, a governmental unit,
and a unit of local government as defined by Chapters 101 and 102 of the Civil Practice and
Remedies Code. Tex.Health&Safety Code Ann. § 534.001(c)(Vernon Supp. 2006). It is thus
protected by the doctrine of sovereign immunity. The Tort Claims Act waives sovereign immunity
from suits arising from (1) the wrongful act or omission or the negligent conduct of an employee
acting within the scope of his employment if property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven equipment and if the employee would
be personally liable to the claimant, and (2) from injuries or death caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a private person, be liable
to the claimant according to Texas law. Tex.Civ.Prac.&Rem.Code Ann. § 101.021 (Vernon
2005); Texas Department of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001). Liability under
Section 101.021(1)'s waiver of sovereign immunity is predicated upon a wrongful act or omission
of a governmental employee. See id. § 101.021(1). Section 101.021(2) waives sovereign immunity
for injuries caused by a condition or use of either tangible personal property or real property. Id. §
101.021(2); DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex. 1995). Essentially, Section
101.021(2) encompasses governmental liability based on (1) the doctrine of respondeat superior for
injuries proximately caused by a governmental employee's negligent use of tangible personal
property or real property; and (2) premise defects. See DeWitt, 904 S.W.2d at 653. However, the
Act specifically excludes waiver for a claim "arising out of assault, battery, false imprisonment, or
any other intentional tort . . . . " Tex.Civ.Prac.&Rem.Code Ann. § 101.057; Petta, 44 S.W.3d at
580. 

Negligent Hiring, Retention, and Supervision


 Crissman's negligent hiring, retention and supervision claims must satisfy Section 101.021's
requirements in order for there to be a waiver of sovereign immunity. See Petta, 44 S.W.3d at 581. 
The factual portion of Crissman's pleadings allege that Logan sexually exploited her "by engaging
in a pattern, practice or scheme of conduct, which included sexual contact, for the purpose of sexual
arousal or gratification or sexual abuse . . . " while she was a patient at El Paso MHMR. Crissman
attempts to bring her claim within Section 101.021 and avoid the exclusion found in Section 101.057
by alleging that her injuries were caused by El Paso MHMR's negligent hiring, retention, and
supervision of Logan. Crissman's pleadings do not contain any factual allegations that the negligent
hiring and retention claims involve tangible personal property or the operation or use of a motor-driven vehicle. Consequently, sovereign immunity is not waived with respect to these claims. See
Campos v. Nueces County, 162 S.W.3d 778, 787-88 (Tex.App.--Corpus Christi 2005, pet. denied)
(female prisoners' allegations that county negligently hired, trained, and supervised guards at county
substance abuse treatment facility did not involve condition or use of tangible personal property as
required to waive governmental immunity under Tort Claims Act).

 Crissman also contends that El Paso MHMR negligently failed to supervise Logan's use of
the facility's motor-driven vehicles. We understand Crissman to allege that El Paso MHMR's
negligence provided Logan with the means and opportunity to sexually exploit her. Her pleadings
do not allege and there is no evidence in the record that this claim involves the use of tangible
personal property. At the hearing, Crissman's counsel asserted that El Paso MHMR was negligent
in its use of a vehicle log because the employees were not filling the log out accurately and "there
was no record of where they were going, or why they were using the vehicle."

 Allegations of negligent supervision do not satisfy the limited waiver of immunity contained
within the Tort Claims Act. City of Waco v. Williams, 209 S.W.3d 216, 232 (Tex.App.--Waco 2006,
pet. denied); The University of Texas Health Sciences Center v. Schroeder, 190 S.W.3d 102, 106
(Tex.App.--Houston [1st Dist.] 2005, no pet.). Further, Crissman's allegation that the vehicle log
was inaccurate and did not indicate where the patient was being taken or why involves the misuse
or non-use of information, not tangible personal property. Even though the paper on which the
information is recorded is tangible, the information itself is not tangible personal property since it
is an abstract concept that lacks corporeal, physical, or palpable qualities. See University of Texas
Medical Branch at Galveston v. York, 871 S.W.2d 175, 179 (Tex. 1994). Therefore, an allegation
that a governmental unit used, misused, or failed to use information does not involve the use of
tangible personal property. Id. Consequently, sovereign immunity is not waived for these claims. 
It is unnecessary to address El Paso MHMR's contention that Section 101.057 also applies to
exclude any waiver of immunity presented by these allegations.

Negligent Use of Personal Property and Motor-Driven Vehicle


 Crissman's petition alleges that Logan, acting in the course and scope of employment,
negligently used El Paso MHMR's equipment, such as tables, chairs, and doors, to facilitate
the sexual exploitation and abuse, and that he negligently removed her from the premises in a motor-driven vehicle in order to facilitate his conduct. Although Crissman characterizes Logan's alleged
use of the equipment and motor-driven vehicle to commit sexual assault as negligent, the allegations
plainly involve an injury resulting from intentional tortious conduct. These allegations fit squarely
within Section 101.057's exclusion of claims arising out of assault and any other intentional tort. 
See Petta, 44 S.W.3d at 580.

 In arguing that sovereign immunity is waived, Crissman relies upon Spindletop MHMR v. 
Doe, 54 S.W.3d 893 (Tex.App.--Beaumont 2001, pet. denied) which involves similar allegations. 
There, a parent, on behalf of herself and a minor child, brought suit against Spindletop alleging that
its employees sexually abused the minor child who was a patient at the facility. The suit alleged that
there was a waiver of sovereign immunity under the Tort Claims Act and Chapter 321 of the Health
and Safety Code. Id. at 895. The trial court denied the plea to the jurisdiction based on sovereign
immunity. Id. The Beaumont Court of Appeals found that the trial court correctly denied the plea
because sovereign immunity was clearly and unambiguously waived by Section 321.003 of the
Health and Safety Code. Id. at 896-97. In reaching this conclusion, the court of appeals joined the
Waco (2) and Austin Courts of Appeals (3) in finding a waiver of sovereign immunity under this section
and disagreed with the Fort Worth Court of Appeals which had reached the opposite conclusion. (4) 
With respect to the Tort Claims Act, Doe alleged that certain Spindletop employees negligently used
various items of tangible personal property, including drugs, food, cigarettes, and adult-oriented
videotapes, in order to manipulate, influence, exploit, abuse, and neglect the residents, including the
minor child. Id. at 898. The Beaumont Court of Appeals concluded that sovereign immunity was
also waived under Section 101.021(2) because the petition alleged "harmful acts to the minor
plaintiff that involve tangible items . . . ." Id. at 898. Additionally, the petition alleged that
supervisory staff took the residents off of the premises in order to facilitate the sexual exploitation
and abuse of the minor plaintiff and other residents. Id. Even though the petition apparently did not
allege that the residents left the premises in motor-driven vehicles owned by the facility, the court
of appeals observed that "the proof could show substantial involvement of a motor-driven vehicle
belonging to the facility, thus possibly triggering the waiver provision of section 101.021(1)." Id.

 We decline to follow Spindletop for two reasons. First, the court of appeals focused nearly
all its analysis on whether sovereign immunity is waived under Section 321.003 of the Health and
Safety Code. Crissman does not rely on Section 321.003 in asserting a waiver of sovereign
immunity. Further, the Supreme Court has found that there is not a clear and unambiguous waiver
of sovereign immunity under that section. Second, Spindletop does not discuss Section 101.057's
intentional tort exception to a waiver of sovereign immunity. 

 We conclude that sovereign immunity is not waived under Section 101.021 for the negligent
hiring/retention and supervision claims. Crissman's allegations pertaining to Logan's use or misuse
of the equipment and operation of the vehicle fall within Section 101.057's intentional tort exception
to waiver of sovereign immunity. Because the trial court erred in denying El Paso MHMR's plea
to the jurisdiction, we sustain the sole issue for review, reverse the order denying the plea to the
jurisdiction, and render judgment dismissing Crissman's claims brought under the Tort Claims Act.


August 16, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

1. Tex.Civ.Prac.&Rem.Code Ann. § 81.001 (Vernon 2005).
2. See Wichita Falls State Hospital v. Taylor, 48 S.W.3d 782 (Tex.App.--Waco 2001). The Supreme Court
reversed the Waco Court of Appeals, finding no clear and unambiguous waiver of immunity in Section 321.003. Wichita
Falls State Hospital v. Taylor, 106 S.W.3d 692, 699-702 (Tex. 2003).
3. See Central Counties Center for Mental Health & Mental Retardation Services v. Rodriguez, 45 S.W.3d 707
(Tex.App.--Austin 2001), reversed 106 S.W.3d 702 (Tex. 2003).
4. Texas Department of Mental Health & Mental Retardation v. Lee, 38 S.W.3d 862, 871 (Tex.App.--Fort
Worth 2001, pet. denied).